# TABLE OF CONTENTS

## State Court Docket

2010-06-02 Summons, Complaint, Civil Cover Sheet ............................................................. A-1

2010-06-02 ADR package and court forms ...................................................................... A-2

2010-06-02 Notice to Plaintiff (setting Case Management Conference)................................... A-3

2010-07-22 Notice and Acknowledgement of Receipt............................................................ A-4

2010-08-09 Notice to State Court of Removal ....................................................................... A-5

2010-10-22 Case Management Order ................................................................................... A-6

2013-04-25 Record Remanded Back to Superior Court ......................................................... A-7

2013-05-07 Defendants' Demurrer to Complaint ................................................................... A-8

2013-05-07 Appendix of Non-California Authorities in Support of Demurrer......................... A-9

2013-05-07 Request for Judicial Notice in Support of Demurrer........................................... A-10

2013-05-07 Proposed Order Sustaining Demurrer ................................................................. A-11

2013-05-07 Proof of Service of Demurrer............................................................................. A-12

2013-05-21 Plaintiff's Opposition to Demurrer ..................................................................... A-13

2013-05-21 Plaintiff's Opposition to Request for Judicial Notice .......................................... A-14

2013-05-28 Defendants' Reply in Support of Demurrer ......................................................... A-15

2013-06-20 Plaintiff's Notice of Lodgment in Support of Opposition to Demurrer ............... A-16

2013-07-08 Order on Demurrer ........................................................................................... A-17

2013-07-17 Jimenez First Amended Complaint ..................................................................... A-18

2013-08-23 Notice of Entry of Order re Demurrer to Complaint............................................ A-19

2013-08-23 Defendants' Demurrer to First Amended Complaint ........................................... A-20

2013-08-23 Proposed Order Sustaining Demurrer to First Amended Complaint .................... A-21

2013-08-23 Appendix of Non-California Authorities in Support of Demurrer to FAC ........... A-22

2013-08-23 Proof of Service of Demurrer to First Amended Complaint ................................ A-23

i

## TABLE OF CONTENTS (cont.)

2013-10-15 Plaintiff's Opposition to Demurrer to First Amended Complaint......................... A-24

2013-10-24 Defendants' Reply in Support of Demurrer to First Amended Complaint ........... A-25

2013-11-04 Plaintiff's Supplemental Brief in Opposition to Demurrer to FAC...................... A-26

2013-11-12 Defendants' Supplemental Brief in Support of Demurrer to FAC....................... A-27

2013-11-12 Request for Judicial Notice in Support of Supplemental Brief re Demurrer ........ A-28

2013-11-12 Proof of Service (Supplemental Brief in Support of Demurrer) .......................... A-29

2013-12-09 Order Overruling Demurrer to First Amended Complaint.................................... A-30

2013-12-19 Defendants' Answer to First Amended Complaint ................................................ A-31

2014-04-07 Stipulated Protective Order ................................................................................. A-32

2014-08-22 Plaintiff's Motion to Compel re Requests for Production.................................... A-33

2014-08-22 Points and Authorities in Support of Motion to Compel re RFP ......................... A-34

2014-08-22 Separate Statement in Support of Motion to Compel re RFP ............................. A-35

2014-08-22 Cordero Declaration in Support of Motion to Compel re RFP ............................ A-36

2014-08-22 Proposed Order Granting Motion to Compel re RFP............................................ A-37

2014-08-22 Plaintiff's Motion to Compel re Special Interrogatories...................................... A-38

2014-08-22 Points and Authorities in Support of Motion to Compel re Special Rogs ........... A-39

2014-08-22 Separate Statement in Support of Motion to Compel re Special Rogs ................. A-40

2014-08-22 Cordero Declaration in Support of Motion to Compel re Special Rogs .............. A-41

2014-08-22 Proposed Order Granting Motion to Compel re Special Rogs............................. A-42

2014-09-15 Notice of Hearing on Motion to Compel re Requests for Production.................. A-43

2014-09-15 Notice of Hearing on Motion to Compel re Special Interrogatories.................... A-44

2014-09-15 Proof of Service of Notices of Hearing on Motions to Compel........................... A-45

2014-11-04 Amended Notice of Hearing on Motion to Compel re RFP ................................. A-46

2014-11-04 Amended Notice of Hearing on Motion to Compel re Special Rogs .................. A-47

**TABLE OF CONTENTS (cont.)**

2014-11-04 Proof of Service of Amended Notices of Hearing on Motions to Compel ........... A-48

2014-11-05 Opposition to Motion to Compel re Requests for Production.............................. A-49

2014-11-05 Ward Declaration in Support of Opposition to Motion to Compel re RPF........... A-50

2014-11-05 Opposition to Motion to Compel re Special Interrogatories................................. A-51

2014-11-05 Ward Declaration in Support of Opposition to Motion to Compel re Rogs ......... A-52

2014-11-13 Plaintiff's Reply to Opposition to Motion to Compel re RFP.............................. A-53

2015-04-07 Plaintiff's Motion for Leave to File Second Amended Complaint ...................... A-54

2015-04-07 Points and Authorities in Support of Motion for Leave to File SAC................... A-55

2015-04-07 Cordero Declaration in Support of Motion for Leave to File SAC...................... A-56

2015-04-07 Proposed Order Granting Motion for Leave to File SAC ................................... A-57

2015-04-16 Opposition to Motion for Leave to File Second Amended Complaint ................ A-58

2015-04-16 Request for Judicial Notice in Support of Opposition to Motion re SAC............ A-59

2015-04-16 Ward Declaration in Support of Opposition to Motion for Leave to file SAC..... A-60

2015-04-16 Bazerkanian Declaration in Support of Opposition to Motion re SAC................ A-61

2015-04-22 Cordero Declaration Cordero in Support of Plaintiff's Reply re SAC ................ A-62

2015-04-22 Plaintiff's Reply in Support of Motion for Leave to File SAC............................ A-63

2015-04-22 Plaintiff's Opposition to Defendants' Request for Judicial Notice...................... A-64

2015-04-22 Proof of Service re Plaintiffs Reply Brief in Support of Motion re SAC ............ A-65

2015-04-29 Proposed Order Granting Motion to File Second Amended Complaint ............... A-66

2015-05-01 Second Amended Complaint................................................................................ A-67

2015-05-15 Proposed Order Granting Motion for Leave to File SAC ................................... A-68

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:** Menzies Aviation, Inc., Menzies
*(AVISO AL DEMANDADO):* Aviation Group (USA), Inc., and
DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** Jessica Jimenez,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually and on
behalf of all other current and former similary
situated California employees of Defendants,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del caso):* **CGC-10-500367** |
| Superior Court for the State of California | |
| In and For the County of San Francisco | |
| 400 McAllister Street | |
| San Francisco, CA  94102 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael J. Grace, Esq. (SBN 76581)        (619) 692-0800
GRACE**HOLLIS**
3555 Fifth Avenue
San Diego, CA 92103

| DATE: JUN - 2 2010 | CLERK OF THE COURT | | |
|---|---|---|---|
| *(Fecha)* | Clerk, by _____ ELIAS BATI | , Deputy |
| | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Vilmarie Cordero, Esq. (SBN 268860)
Michael J. Grace, Esq. (SBN 76581)
GraceHollis LLP
3555 Fifth Avenue
San Diego, CA 92103
TELEPHONE NO.: 619-692-0800   FAX NO.: 619-692-0822
ATTORNEY FOR *(Name):* Plaintiff JESSICA JIMINEZ

**FOR COURT USE ONLY**

# FILED
San Francisco County Superior Court

JUN - 2 2010

CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME: Civic Center

CASE NAME: Jessica Jimenez v. Menzies Aviation, Inc.

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: CGC-10-500367 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 13
5. This case [x] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 5/20/10

Vilmarie Cordero, Esq. (SBN 268860)
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

1  Michael J. Grace, Esq. (SBN 76581)
   Vilmarie Cordero, Esq. (SBN 268860)
2  GRACE HOLLIS LLP
   3555 Fifth Avenue
3  San Diego, CA 92103
   (619) 692-0800
4  (619) 692-0822
5  Attorneys for Plaintiff

SUMMONS ISSUED

# FILED
San Francisco County Superior Court

JUN - 2 2010

CLERK OF THE COURT
BY: _____
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

NOV - 5 2010 - 9:00 AM

DEPARTMENT 212

6
7

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN FRANCISCO

8

9   JESSICA JIMENEZ, individually and on
    behalf of all other current and former similarly
10  situated California employees of Defendants,

11          Plaintiff,

12          vs.

13  MENZIES AVIATION, INC., MENZIES
    AVIATION GROUP (USA), INC., and DOES
14  1 THROUGH 10, inclusive,

15          Defendants.

16
17
18
19
20
21
22
23
24
25
26
27
28

Case No.: **CGC-10-500367**

*Unlimited Civil*
*Amount Demanded Exceeds $25,000*

**CLASS AND REPRESENTATIVE
ACTION [Cal. Code Civ. Proc. §382; Cal.
Labor Code § 2698 et. seq.]**

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**
1.  Failure to Pay Minimum Wages;
2.  P.A.G.A. Claim for Failure to Pay
    Minimum Wages;
3.  Failure to Pay Overtime Wages;
4.  P.A.G.A. Claim for Failure to Pay
    Overtime Wages;
5.  Failure to Timely Pay All Wages Due
    During Employment;
6.  P.A.G.A. Claim for Failure to Timely Pay
    All Wages Due During Employment;
7.  Failure to Timely Pay All Wages Due
    Upon Separation of Employment;
8.  P.A.G.A. Claim for Failure to Timely Pay
    All Wages Due Upon Separation of
    Employment;
9.  Failure to Provide Accurate Itemized
    Wage Statements;
10. P.A.G.A. Claim for Failure to Provide
    Accurate Itemized Wage Statements;
11. Failure to Provide Tools and Equipment
    and/or Reimburse Business Expenses;
12. P.A.G.A. Claim for Failure to Provide
    Tools and Equipment and/or Reimburse
    Business Expenses;
13. Violation of Business and Professions
    Code § 17200, *et seq.*;

**-JURY TRIAL DEMANDED**

-1-
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff JESSICA JIMENEZ for Causes of Action against Defendants, and each of them, alleges as follows:

## I.

## NATURE OF THE ACTION AND INTRODUCTORY STATEMENT

1.      Plaintiff JESSICA JIMENEZ (hereinafter "JIMENEZ" or Plaintiff") brings this individual, representative and putative class action against Defendants MENZIES AVIATION, INC., MENZIES AVIATION GROUP (USA), INC., and DOES 1 THROUGH 10, inclusive, ("hereinafter collectively referred to as "MENZIES" or "Defendants") on behalf of herself and a purported class of California employees of Defendants for engaging in a systematic pattern of wage and hour violations under California Labor Code and the Industrial Welfare Commission (IWC) Wage Orders.

2.      This lawsuit arises because Defendants failed to provide Plaintiff and other similarly situated MENZIES's employees at the San Francisco International Airport with all the required benefits and protections of the California wage and hour laws, including the payment of minimum, regular and overtime wages for all hours worked and reimbursement for all necessary work related expenditures.

3.      On information and belief, Defendants decrease their employment-related costs to position themselves to offer customers better rates than their law-abiding competitors by systematically engaging in wage and hour violations, including:

      a.      Failing to pay for minimum, regular and overtime wages for any off-the-clock work;

      b.      Failing to timely pay all wages during employment;

      c.      Failing to timely pay all wages upon separation of employment;

d.   Failing to provide accurate itemized wage statements;

e.   Failing to provide tools and equipment or reimbursement for work-related expenses.

4.    Plaintiff brings this lawsuit seeking declaratory, injunctive and monetary relief against Defendants on behalf of Plaintiff individually and also on behalf of other current and former California employees of Defendants at the San Francisco International Airport (hereinafter also "Represented Employees") to recover, among other things, unpaid wages, monies, interest, attorneys' fees, penalties, liquidated damages, and costs pursuant to provisions regulating hours and days of work in the applicable wage order of the Industrial Welfare Commission and California Labor Code §§201, 202, 203, 204, 210, 218, 218.6, 226, 510, 558, 1194, 1194.2, 1197, 2802, and 2698 *et seq.*

## II.

## PARTIES, JURISDICTION AND VENUE

5.    JIMENEZ worked as a non-exempt employee of Defendants at all relevant times at the San Francisco International Airport (hereinafter "SFO") in the County of San Francisco, California.

6.    Defendants' conduct, as hereinafter alleged, occurred in the County of San Francisco, California.

7.    Plaintiff JIMENEZ is an "aggrieved employee" within the meaning of Labor Code § 2699(c) as she was employed by Defendants and suffered at least one Labor Code violation in common with other current and former employees of Defendants at the SFO.

8.    Defendants are global aviation support companies based in the United Kingdom that provide ground-handling, cargo handling, aircraft maintenance, and aviation-

related services in several locations around the world, including the San Francisco International Airport.

9.    Defendant MENZIES AVIATION, INC., is a Delaware corporation doing business in the County of San Francisco with a registered agent in Sacramento, California. MENZIES AVIATION, INC. at all relevant times has operated and engaged in business in California and it is and was an employer as defined in and subject to the Labor Code and IWC Wage Orders.

10.    Defendant MENZIES AVIATION GROUP (USA), INC., is a Delaware corporation doing business in the County of San Francisco with a registered agent in Sacramento, California. MENZIES AVIATION GROUP (USA), INC., at all relevant times has operated and engaged in business in California and it is and was an employer as defined in and subject to the Labor Code and IWC Wage Orders.

11.    The true names and capacities of the Defendants named as DOES 1 TROUGH 10, inclusive, are presently unknown to Plaintiff. Plaintiff will amend this Complaint, setting forth the true names and capacities of these fictitious Defendants, when their names are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitious Defendants have participated in the acts alleged in this Complaint.

12.    At all relevant times, Defendants were and are Plaintiff's employers or persons acting on behalf of Plaintiff's employer within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

13.     Plaintiff is further informed and believes and thereon alleges that, at all relevant times each Defendant, whether named or fictitious, was the agent, employee or other person acting on behalf of each Defendant, and in participating in the acts alleged in this Complaint, acted within the scope of such agency, or employment or ratified the acts of the other.

14.     Plaintiff is further informed and believes and thereon alleges that, at all relevant times each Defendant, whether named or fictitious, was the alter ego of each of the other Defendants.

## III.

## GENERAL ALLEGATIONS

15.     Plaintiff JIMENEZ commenced employment with MENZIES as a lead passenger service agent at the San Francisco International Airport (hereinafter "SFO") on or around January 15, 2009.

16.     Plaintiff JIMENEZ worked as a non-exempt employee until termination of her employment on February 22, 2010.

17.     Plaintiff JIMENEZ started working with MENZIES at an hourly rate of $16.44 an hour.  Nonetheless, in or around August 2009, MENZIES demoted Plaintiff JIMENEZ to passenger service agent and reduced her compensation to $14.83.

18.     Plaintiff JIMENEZ and other non-exempt employees were not provided with all the required benefits and protections of the California wage and hour laws including, but not limited to, the proper and timely payment of minimum, regular and overtime wages for all hours worked and reimbursement of all necessary work related expenses.

19.     MENZIES did not pay Plaintiff and all other similarly situated non-

exempt employees at the SFO for all time they spent working and under the control of MENZIES, including payment for off-the-clock work.

20.    MENZIES's company policy required Plaintiff and the non-exempt employees working at the SFO to park either at MENZIES's parking lot or at the SFO employees' parking lot, both located off-site SFO Airport facilities.

21.    MENZIES's parking lot is approximately 45 minutes walking distance (2.2 miles) from Plaintiff's clock-in area at MENZIES. The SFO employees' parking lot is approximately 50 minutes walking distance (2.5 miles) from the SFO International Terminal, and 55 minutes walking distance from MENZIES's clock-in area.

22.    MENZIES's directed Plaintiff and other non-exempt employees working at the SFO to wait for and ride the MENZIES shuttle bus at MENZIES's employees' parking lot. MENZIES's employees, including Plaintiff, typically waited thirty (30) to forty five (45) minutes twice a day (to and from work) for MENZIES's shuttle bus to come to pick them up. MENZIES's shuttle bus took Plaintiff and other non-exempt employees directly to the SFO International Terminal where MENZIES's offices were located. MENZIES's shuttle bus took MENZIES's employees directly to MENZIES's clock-in area without making any stops. MENZIES's shuttle bus ride took approximately 5 to 7 minutes twice a day, to and from work.

23.    Plaintiff JIMENEZ parked at MENZIES's parking lot for approximately two months at the beginning of her employment with Defendants. JIMENEZ complained to MENZIES about the waiting time off-the-clock on several occasions. JIMENEZ had to arrive at MENZIES's parking lot at least one hour before her scheduled clock-in time because MENZIES's shuttle bus had an erratic and undependable schedule and it would invariably take more than thirty minutes to pick her up.

24. JIMENEZ started using SFO employees' parking lot in or around March 2009. The SFO employees' parking lot is more distant from MENZIES's offices at the SFO International Terminal than MENZIES's parking lot. JIMENEZ had to arrive at the SFO employees' parking lot at least 30-minutes before her scheduled clock-in time because she had to wait for and ride the SFO shuttle bus.

25. The SFO shuttle stops at the SFO employees' parking lot every 10 to 12 minutes, except from midnight to approximately 2:00 a.m. when it stops every 15 to 20 minutes. MENZIES's employees, including Plaintiff, typically wait between 6 and 10 minutes twice a day (to and from work) for the SFO shuttle to pick them up. The SFO shuttle bus ride takes approximately 10 minutes twice a day (to and from work) from the MENZIES's parking lot to the SFO International Terminal. The SFO shuttle bus stops at least 4 times to pick up passengers at different locations. The International Terminal stop is the SFO shuttle bus's first stop from the employees' parking lot, and the employees' parking lot is its last from the SFO International Terminal.

26. The SFO shuttle bus does not stop at MENZIES clock-in area as does the MENZIES's shuttle bus. Thus, JIMENEZ had to walk from the third floor of the SFO International Terminal to MENZIES's clock-in area located in the first floor, which most times JIMENEZ did in approximately seven minutes twice a day (to and from work).

27. JIMENEZ spent approximately one hour off-the-clock each way (for a total of two hours per shift) waiting and riding MENZIES's shuttle bus when she parked at MENZIES's parking lot. JIMENEZ spent approximately thirty minutes off-the-clock each way (for a total of one hour per shift) waiting, riding and walking when she parked at the SFO employees' parking lot. On information and belief, most of MENZIES's employees park at

MENZIES's parking lot because it is the least expensive alternative between the only two available parking lots for MENZIES's employees.

28.     Plaintiff JIMENEZ and other non-exempt employees working at MENZIES do not have any other reasonable alternative of transportation to get to their clock-in area at MENZIES, and are forced to park at either MENZIES's parking lot or at the SFO employees' parking lot.  For example, Plaintiff JIMENEZ could not ride the Bay Area Rapid Transit (BART) because her shift started at 4:00 a.m. and the BART's last stop at the SFO is approximately at midnight and it does not start running again until approximately 5:00 a.m. Additionally, the BART ticket price to ride to the airport was unreasonably expensive for Plaintiff JIMENEZ.  The price for a round trip BART ticket to the SFO is approximately $10 a day, which amounts to approximately $200 to $250 a month.

29.     Although MENZIES "directs" and "controls" their non-exempt employees, including Plaintiff, to wait for and ride the shuttle bus, MENZIES do not compensate their employees for their waiting and travel times.  Defendants consider the off-the-clock work as non-compensable time and do not include this work time in the calculation of minimum, regular and overtime wages.

30.     MENZIES auto-deducted from their employee's paychecks, including JIMENEZ, the cost of the parking permit.  Plaintiff JIMENEZ paid $25.00 at the beginning of her employment for the parking permit.  Thereafter, the cost of the parking permit increased several times up to $90.00 a month.

31.     Defendants have the pattern and practice of not paying all wages due by the time set forth by law during employment.  Defendants had the practice of not paying Plaintiff JIMENEZ for all the hours she worked on a pay period on the scheduled pay day for that pay

1   period.  Repeatedly, Plaintiff JIMENEZ worked a certain number of hours on a specific pay

2   period and MENZIES paid her less the amount of the total hours worked.  MENZIES forced

3   Plaintiff JIMENEZ to wait until the next pay day to receive full compensation for the hours

4   worked but not paid on the previous pay period.

5

6            32.    MENZIES further failed to provide Plaintiff and their non-exempt

7   employees in California with accurate itemized wage statements showing all hours worked on a

8   pay period and the corresponding rate.  For example, MENZIES typically did not pay Plaintiff

9   for all the hours she worked on a pay period, and for the next pay period, MENZIES failed to

10   identify in Plaintiff's wage statements which hours corresponded to the previous pay period and

11   which hours corresponded to Plaintiff's current pay period.

12

13            33.    Additionally, MENZIES did not record the time JIMENEZ and other non-

14   exempt employees worked off-the-clock, and thus failed to provide their non-exempt employees

15   with accurate itemized wage statements showing all the hours worked in a workday and the

16   corresponding hourly rate.

17

18            34.    MENZIES required Plaintiff and other passenger service agents to wear

19   uniforms.  Nonetheless, MENZIES did not provide Plaintiff and other passenger service agents

20   with uniforms suitable for them to wear.

21

22            35.    Passenger service agents' uniforms consisted of shirts, pants and a vest.

23   MENZIES provided their passenger service agents' with uniforms in size large only.   Plaintiff

24   JIMENEZ complained about the size of the uniforms and informed MENZIES she could not

25   wear her uniforms because they were too big.  MENZIES informed her she was responsible for

26   any required alterations to her uniforms.

27

28            36.    Plaintiff JIMENEZ incurred expenses of at least  $50.00  for the

-9-

professional fitting of her uniforms, including four pants and one vest.

37.     On information and belief, other passenger service agents also incurred expenses for the professional fitting of their uniforms as a result of Defendants' policy of providing uniforms in size large only.

38.     Defendants additionally required all their passenger service agents, including Plaintiff, to wear clean and starched uniforms. However, MENZIES did not pay for the cleaning or maintaining expenses of the uniforms. JIMENEZ paid approximately $22.00 a week for the professional cleaning of her uniforms. MENZIES did not reimburse Plaintiff JIMENEZ for any of these work related expenses during JIMENEZ's employment.

39.     Upon JIMENEZ's termination of employment, Defendants did not pay her by the time required by law all regular, overtime and minimum wages due and owing to her. MENZIES further failed to reimburse Plaintiff for her necessary work related expenditures and/or losses.

40.     On information and belief, Defendants have committed the wage and hour violations alleged in this Complaint with numerous current and former California employees of Defendants other than JIMENEZ.

41.     Based on Defendants' violations of the Labor Code and IWC Wage Orders, Plaintiff also alleges a claim under Business and Professions Code § 17200.

## IV.

## CLASS ALLEGATIONS

42.     Plaintiff JIMENEZ brings this class action pursuant to California Code of Civil Procedure § 382 on behalf of all persons also affected by Defendants' Labor Code, Business and Professions Code § 17200 and IWC Wage Order violations as follows:

a.   **As to Causes of Action One, Three, Five, Seven, Nine and Thirteen**: to recover all remedies available including, but not limited to, statutory damages, penalties, wages, other monies due and owing, and injunctive relief on behalf of all MENZIES's non-exempt employees at the San Francisco International Airport (hereinafter "SFO Non-Exempt Class"). **The SFO Non-Exempt Class** is defined as follows:

> All current and former non-exempt employees of MENZIES AVIATION, INC. and/or MENZIES AVIATION GROUP (USA), INC., employed at the San Francisco International Airport at any time within the four years preceding the filing of the complaint to the present.

b.   **As to Causes of Action Eleven and Thirteen**: to recover all remedies available including, but not limited to, statutory damages, penalties, wages, other monies due and owing, and injunctive relief on behalf of all MENZIES's passenger service agents at the San Francisco International Airport (hereinafter "SFO Passenger Service Agents"). **The SFO Passenger Service Agents Class**:

> All current and former employees of MENZIES AVIATION, INC. and/or MENZIES AVIATION GROUP (USA), INC., employed as passenger service agents and/or lead passenger service agents at the San Francisco International Airport at any time within the four years preceding the filing of the complaint to the present.

43.   Causes of Action One, Three, Five, Seven, Nine, Eleven and Thirteen are appropriately suited for a class action under Section 382 of the California Code of Civil Procedure because:

a.   The members of the potential "SFO Non-Exempt Class" and the "SFO Passenger Service Agents Class" are sufficiently numerous to render the joinder of all members impracticable. Plaintiff JIMENEZ is informed and believes each of the classes likely consist of hundreds of individuals. Although the exact number is currently unknown to Plaintiff,

1    this information is easily ascertainable from Defendants' payroll and personnel records.

2          b.      Common questions of law and fact predominate over any questions

3    affecting only individual members including, but not limited to:

4          i.      Whether Defendants have failed to provide proper payment of

5    wages for all hours worked, including hours worked off-the-clock;

6          ii.     Whether Defendants have failed to timely pay all wages

7    during employment;

8          iii.    Whether Defendants have failed to provide accurate itemized

9    wage statements;

10         iv.     Whether Defendants have failed to provide tools and/or

11   equipment and/or reimbursement of business expenses.

12         c.      Plaintiff's claims under the Labor Code and applicable IWC Wage

13   Order are typical of the SFO Non-Exempt Class and the SFO Passenger Service Agents Class

14   because Defendants' failure to comply with the provisions of California's wage and hour laws

15   entitles Plaintiff and each class member to similar pay, benefits and other relief.

16         d.      Plaintiff fairly and adequately protects the interests of all members

17   of the classes because it is in her best interest to prosecute the claims alleged herein to obtain full

18   compensation and penalties due to her and the classes.

19         e.      Plaintiff believes a class action is a superior method of litigation

20   and knows of no difficulty that might be encountered in management of this suit which would

21   preclude maintenance as a class action.

22         f.      Moreover, Plaintiff's attorneys are experienced employment law

23   litigators that have vast experience with class actions.

24   ///

25   ///

## V.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

(Violations of Labor Code §1197; Labor Code § 1194; Violation of "Hours and Days of Work"
Section of the Industrial Welfare Commission Wage Order)

### (Alleged By Plaintiff Individually and On Behalf of the "SFO Non-Exempt Class"
Against All Defendants)

44. Plaintiff incorporates by reference paragraphs 1 through 43 inclusive, and makes them a part of this First Cause of Action as though fully set forth herein.

45. Labor Code § 1197 provides "the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

46. Defendants failed to perform their obligations to compensate their non-exempt employees, including Plaintiff JIMENEZ, at least minimum wage for all hours worked when Defendants failed to pay minimum wages for hours worked off-the-clock, as alleged herein.

47. Section 2 of the applicable IWC Wage Order defines "hours worked" as the time in which an employee is subject to the control of an employer, and includes all the time the employee is "suffered or permitted to work," whether or not required to do so.

48. Defendants have a policy which requires Plaintiff and the SFO Non-Exempt Class to park at either the MENZIES's parking lot or at the SFO employees' parking lot, both located more than 2 miles off-site SFO Airport facilities.

49. MENZIES's policy additionally requires Plaintiff and the SFO Non-Exempt Class to wait for and take the shuttle bus from either parking lot.

50. Plaintiff JIMENEZ and the SFO Non-Exempt Class do not have any other reasonable alternative of transportation to get to their work area at MENZIES, and are thus, forced to park at either the MENZIES's parking lot or the SFO employees' parking lot, and wait and ride the shuttle bus, as alleged herein.

51. Plaintiff and the SFO Non-Exempt Class are under the direction and control of MENZIES, and thus working, when they are waiting and riding MENZIES or the SFO shuttle bus, and are not free during said times to pursue their own choice of activities.

52. Although MENZIES "directs" and "controls" their non-exempt employees, including Plaintiff, to wait for and ride the shuttle bus, MENZIES did not pay JIMENEZ and the SFO Non-Exempt Class at least minimum wages for the time they spent off-the-clock waiting for and riding the shuttle bus and under the control of MENZIES.

53. Defendants further failed to include the time Plaintiff and the SFO Non-Exempt Class worked off-the-clock in the calculation of "hours worked." Consequently, Defendants failed to pay to the SFO Non-Exempt Class, including JIMENEZ, all wages, including minimum wages, for the amount of time worked off-the-clock.

54. Labor Code § 1194, in part, provides that any employee receiving less than the minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of the minimum wage.

55. Labor Code § 218 provides that any wage claimant may sue directly or through an assignee for any wages or penalty due Article 1 of the California Labor Code.

56. Plaintiff and the SFO Non-Exempt Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' Labor Code violations in an amount to be shown according to proof at trial and

within the jurisdictional limitations of this Court.

57.  Plaintiff and the SFO Non-Exempt Class also seek to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code § 1194.2.

58.  Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, penalties, monies, interest, liquidated damages pursuant to Labor Code § 1194.2, attorney's fees, and costs to the extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SECOND CAUSE OF ACTION

### P.A.G.A. CLAIM FOR FAILURE TO PAY MINIMUM WAGES
(Violation of Labor Code § 2699, *et seq.*)

### (Alleged By Plaintiff Individually and On Behalf of the "SFO Non-Exempt Class" Against All Defendants)

59.  Plaintiff incorporates by reference paragraphs 1 through 58 inclusive, and makes them a part of this Second Cause of Action as though fully set forth herein.

60.  This cause of action involves allegations of violations of provisions of the California Labor Code that provide for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (hereinafter referred to as "LWDA") and recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

61.  Plaintiff JIMENEZ is an "aggrieved employee" because she was employed by the alleged violator and had one or more of the alleged violations committed against her. Therefore, JIMENEZ is properly suited to represent the interests of other current and former employees of Defendants.

62.     On March 29, 2010, pursuant to Labor Code § 2699, Plaintiff JIMENEZ served, via Certified Mail, the LWDA and her former employer MENZIES with her claim for wage/hour violations and penalties.  (A true and correct copy of which is attached hereto as Exhibit A).

63.     On May 3, 2010, the LWDA provided notice, via Certified Mail, to Plaintiff JIMENEZ and her former employer MENZIES that it does not intend to investigate the claims. (A true and correct copy of which is attached hereto as Exhibit B) Thus, JIMENEZ exhausted her obligation to provide administrative notice and seeks penalties on behalf of herself and represented employees pursuant to Labor Code § 2699 *et seq.*

64.     Defendants violated Labor Code §§ 1197 and 1194 by not paying JIMENEZ and the SFO Non-Exempt Class at least minimum wages for the time they spent off-the-clock waiting for and riding the shuttle bus under the control of MENZIES, as alleged herein.

65.     Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation in which Defendants violated Labor Code § 1197, 1194.

66.     Pursuant to Labor Code § 2699, Plaintiff JIMENEZ seeks to recover civil penalties on behalf of herself and represented employees.  The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

67.     For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred herein.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

///

### THIRD CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES
(Violations of Labor Code §510; Labor Code § 1194; Violation of "Hours and Days of Work"
Section of the Industrial Welfare Commission Wage Order)

### (Alleged By Plaintiff Individually and On Behalf of the "SFO Non-Exempt Class"
### Against All Defendants)

68.    Plaintiff incorporates by reference paragraphs 1 through 67 inclusive, and makes them a part of this Third Cause of Action as though fully set forth herein.

69.    Plaintiff JIMENEZ and the SFO Non-Exempt Class worked as non-exempt employees with Defendants.   Thus, they were thereby not exempt from receiving overtime compensation.

70.    Plaintiff JIMENEZ and the SFO Non-Exempt Class worked without appropriate overtime compensation, as alleged herein.

71.    Section 2 of the applicable IWC Wage Order defines "hours worked" as the time in which an employee is subject to the control of an employer, and includes all the time the employee is "suffered or permitted to work," whether or not required to do so.

72.    Defendants have a policy which requires Plaintiff and the SFO Non-Exempt Class to park at either the MENZIES's parking lot or at the SFO employees' parking lot, both located more than 2 miles off-site SFO Airport facilities.

73.    MENZIES's policy additionally requires Plaintiff and the SFO Non-Exempt Class to wait for and take a shuttle bus from either parking lot.

74.    Plaintiff JIMENEZ and the SFO Non-Exempt Class do not have any other reasonable alternative of transportation to get to their work area at MENZIES, and are thus, forced to park at either the MENZIES's parking lot or the SFO employees' parking lot, and wait and ride the shuttle bus, as alleged herein.

75. Plaintiff and the SFO Non-Exempt Class are under the direction and control of MENZIES, and thus working, when they are waiting and riding MENZIES or the SFO shuttle bus, and are not free during said times to pursue their own choice of activities.

76. Although MENZIES "directs" and "controls" their non-exempt employees, including Plaintiff, to wait for and ride the shuttle bus, MENZIES did not pay JIMENEZ and the SFO Non-Exempt Class for time spent working off-the-clock and under the control of MENZIES.

77. Defendants further failed to include the time Plaintiff and the SFO Non-Exempt Class worked off-the-clock in the calculation of "hours worked. Consequently, Defendants failed to pay to the SFO Non-Exempt Class, including JIMENEZ, all wages, including overtime wages, for the amount of time worked off-the-clock.

78. MENZIES violated Labor Code § 510 when they failed to pay Plaintiff and the SFO Non-Exempt Class overtime wages for any and all work performed, including work performed off-the-clock, in excess of 8 hours per day, 40 hours per week, and/or for any and all work performed on the seventh consecutive day in any one work week, by the time set forth by law.

79. Labor Code § 1194, in part, provides that any employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of the overtime compensation.

80. At all material times, Defendants were and are Plaintiff's employers or persons acting on behalf of Plaintiff's employer, within the meaning of Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the Labor Code or any provision regulating hours and days of work in any IWC Wage Order and, as such, are subject to

penalties for each underpaid employee as set forth in Labor Code § 558.

81.     Plaintiff and the SFO Non-Exempt Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' Labor Code Violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

82.     Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, overtime compensation, penalties, monies, interest, attorney's fees, and costs to the extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## FOURTH CAUSE OF ACTION

### P.A.G.A CLAIM FOR FAILURE TO PAY OVERTIME WAGES
(Violation of Labor Code § 2699, *et seq.*)

### (Alleged By Plaintiff Individually and On Behalf of the "SFO Non-Exempt Class" Against All Defendants)

83.     Plaintiff incorporates by reference paragraphs 1 through 82 inclusive, and makes them a part of this Fourth Cause of Action as though fully set forth herein.

84.     This cause of action involves allegations of violations of provisions of the California Labor Code that provide for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (hereinafter referred to as "LWDA") and recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

85.     Plaintiff JIMENEZ is an "aggrieved employee" because she was employed by the alleged violator and had one or more of the alleged violations committed against her. Therefore, JIMENEZ is properly suited to represent the interests of other current and

1 | former employees of Defendants.

2 | 86.    On March 29, 2010, pursuant to Labor Code § 2699, Plaintiff JIMENEZ

3 | served, via Certified Mail, the LWDA and her former employer MENZIES with her claim for

4 | wage/hour violations and penalties.  (A true and correct copy of which is attached hereto as

5 |

6 | Exhibit A).

7 | 87.    On May 3, 2010, the LWDA provided notice, via Certified Mail, to

8 | Plaintiff JIMENEZ and her former employer MENZIES that it does not intend to investigate the

9 | claims. (A true and correct copy of which is attached hereto as Exhibit B) Thus, JIMENEZ

10 | exhausted her obligation to provide administrative notice and seeks penalties on behalf of herself

11 | and represented employees pursuant to Labor Code § 2699 *et seq.*

12 |

13 | 88.    Defendants violated Labor Code §§ 510 and 1194 when they failed to pay

14 | Plaintiff and the SFO Non-Exempt Class overtime wages for any and all work performed,

15 | including work performed off-the-clock, in excess of 8 hours per day, 40 hours per week, and/or

16 |

17 | for any and all work performed on the seventh consecutive day in any one work week, by the

18 | time set forth by law.

19 | 89.    Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, a

20 | penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the

21 | initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period

22 |

23 | for each subsequent violation in which Defendants violated Labor Code § 510, 1194.

24 | 90.    Pursuant to Labor Code § 2699, Plaintiff JIMENEZ seeks to recover civil

25 | penalties on behalf of herself and represented employees.  The exact amount of the applicable

26 | penalty is all in an amount to be shown according to proof at trial.

27 |

28 | 91.    For bringing this action, Plaintiff is entitled to attorney's fees and costs

---

1  incurred herein.

2      WHEREFORE, Plaintiff prays for relief as hereinafter requested.

3  ### FIFTH CAUSE OF ACTION

4  ### FAILURE TO TIMELY PAY ALL WAGES DUE DURING EMPLOYMENT
5  (Violation of Labor Code § 204)

6  **(Alleged By Plaintiff Individually and On Behalf of the "SFO Non-Exempt Class"**
7  **Against All Defendants)**

8      92.   Plaintiff incorporates by reference paragraphs 1 through 91 inclusive, and
9  makes them a part of this Fifth Cause of Action as though fully set forth herein.

10     93.   Plaintiff's wages were due and payable by the time set forth in Labor
11
12  Code § 204.  Labor Code § 204 states, in part, that all wages earned by any person in any
13  employment are due and payable twice during each calendar month, on days designated in
14  advance by the employer as the regular paydays.

15     94.   MENZIES failed to pay Plaintiff and the SFO Non-Exempt Class all
16
17  wages due by the time set forth by law through conduct set forth herein.

18     95.   Defendants had the pattern and practice of not paying Plaintiff JIMENEZ
19  and, upon information and belief the SFO Non-Exempt Class, for all hours worked on-the-clock
20  on the scheduled pay day for that pay period.   Typically, MENZIES paid Plaintiff amounts less
21  than the total hours she worked and wages earned on the scheduled pay day for the pay period.
22
23  MENZIES forced Plaintiff to wait for the next pay period to receive full compensation for the
24  wages due and owed to her for on-the-clock work from previous pay periods, all in violation of
25  California law.

26     96.   Defendants additionally failed to pay all wages due by the time set forth
27  by law when Defendants failed to timely pay Plaintiff and the SFO Non-Exempt Class all

28

regular, minimum and overtime wages owed for off-the-clock work during their employment.

97.    Plaintiff and the SFO Non-Exempt Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

98.    Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, penalties, monies, interest, attorney's fees, and costs to the extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SIXTH CAUSE OF ACTION

### P.A.G.A. CLAIM FOR FAILURE TO TIMELY PAY ALL WAGES DUE DURING EMPLOYMENT
(Violation of Labor Code § 2699, *et seq.*)

### (Alleged By Plaintiff Individually and On Behalf of the "SFO Non-Exempt Class" Against All Defendants)

99.    Plaintiff incorporates by reference paragraphs 1 through 98 inclusive, and makes them a part of this Sixth Cause of Action as though fully set forth herein.

100.    This cause of action involves allegations of violations of provisions of the California Labor Code that provide for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (hereinafter referred to as "LWDA") and recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

101.    Plaintiff JIMENEZ is an "aggrieved employee" because she was employed by the alleged violator and had one or more of the alleged violations committed against her. Therefore, JIMENEZ is properly suited to represent the interests of other current and

former employees of Defendants.

102.   On March 29, 2010, pursuant to Labor Code § 2699, Plaintiff JIMENEZ served, via Certified Mail, the LWDA and her former employer MENZIES with her claim for wage/hour violations and penalties.  (A true and correct copy of which is attached hereto as Exhibit A).

103.   On May 3, 2010, the LWDA provided notice, via Certified Mail, to Plaintiff JIMENEZ and her former employer MENZIES that it does not intend to investigate the claims. (A true and correct copy of which is attached hereto as Exhibit B) Thus, JIMENEZ exhausted her obligation to provide administrative notice and seeks penalties on behalf of herself and represented employees pursuant to Labor Code § 2699 *et seq.*

104.   Defendants violated Labor Code §204 by not timely paying Plaintiff and the SFO Non-Exempt Class all wages due by the time set forth by law through the conduct set forth herein, including not timely paying all wages due for on-the-clock work and not paying any wages for off-the-clock work.

105.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation in which Defendants violated Labor Code § 204.

106.   Pursuant to Labor Code § 2699, Plaintiff JIMENEZ seeks to recover civil penalties on behalf of herself and represented employees.  The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

107.   For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred herein.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SEVENTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL WAGES UPON SEPARATION OF EMPLOYMENT
(Violation of Labor Code §§ 201, 202, 203)

### (Alleged By Plaintiff Individually and On Behalf of the "SFO Non-Exempt Class" Against All Defendants)

108.    Plaintiff incorporates by reference paragraphs 1 through 107 inclusive, and makes them a part of this Seventh Cause of Action as though fully set forth herein.

109.    Labor Code § 201 requires MENZIES to immediately pay any wages, without abatement or reduction, to any employee who is discharged, and § 202 requires MENZIES to pay any wages due and owing to an employee within 72 hours of the employee quitting of his or her employment.

110.    Labor Code § 203 causes the unpaid wages of the employee to continue as a penalty from the due date thereof, at the same rate until paid, or until an action is commenced, but not more than 30 days, for the violation of Labor Code §§ 201 and 202.

111.    MENZIES failed to provide Plaintiff and the SFO Non-Exempt Class, through the allegations herein described, with all the wages due and owing to them within the time required by the Labor Code §§ 201 and 202.  To date, Plaintiff has not yet received all wages due and owing to her, including all minimum, regular and overtime wages for off-the-clock work.

112.    Plaintiff and the SFO Non-Exempt Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a result of Defendants' Labor Code violations, in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

113.   Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, overtime compensation, penalties, waiting time penalties pursuant to Labor Code § 203, monies, interest, attorney's fees, and costs.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

### EIGHTH CAUSE OF ACTION

### P.A.G.A. CLAIM FOR FAILURE TO TIMELY PAY ALL WAGES UPON SEPARATION OF EMPLOYMENT
(Violation of Labor Code § 2699, *et seq.*)

### (Alleged By Plaintiff Individually and On Behalf of the "SFO Non-Exempt Class" Against All Defendants)

114.   Plaintiff incorporates by reference paragraphs 1 through 113 inclusive, and makes them a part of this Eighth Cause of Action as though fully set forth herein.

115.   This cause of action involves allegations of violations of provisions of the California Labor Code that provide for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (hereinafter referred to as "LWDA") and recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

116.   Plaintiff JIMENEZ is an "aggrieved employee" because she was employed by the alleged violator and had one or more of the alleged violations committed against her. Therefore, JIMENEZ is properly suited to represent the interests of other current and former employees of Defendants.

117.   On March 29, 2010, pursuant to Labor Code § 2699, Plaintiff JIMENEZ served, via Certified Mail, the LWDA and her former employer MENZIES with her claim for wage/hour violations and penalties.  (A true and correct copy of which is attached hereto as Exhibit A).

118.    On May 3, 2010, the LWDA provided notice, via Certified Mail, to Plaintiff JIMENEZ and her former employer MENZIES that it does not intend to investigate the claims. (A true and correct copy of which is attached hereto as Exhibit B) Thus, JIMENEZ exhausted her obligation to provide administrative notice and seeks penalties on behalf of herself and represented employees pursuant to Labor Code § 2699 *et seq.*

119.    Defendants violated Labor Code §§ 201 and 202 by not timely paying Plaintiff and the SFO Non-Exempt Class all wages due after their separation of employment, as alleged herein.

120.    Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation in which Defendants violated Labor Code §§201 and 202.

121.    Pursuant to Labor Code § 2699, Plaintiff JIMENEZ seeks to recover civil penalties on behalf of herself and represented employees.   The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

122.    For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred herein.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## NINTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENT
(Violation of Labor Code § 226)

### (Alleged By Plaintiff Individually and On Behalf of the "SFO Non-Exempt Class" Against All Defendants)

123.    Plaintiff incorporates by reference paragraphs 1 through 122 inclusive, and

1  makes them a part of this Ninth Cause of Action as though fully set forth herein.

2       124.   Labor Code § 226(a) requires employers, including MENZIES, furnish

3  their employees with each wage payment an accurate and itemized writing that shows gross

4
5  wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the

6  period for which the employee is paid, the name of the employee and the portion of his or his

7  social security number, the name and address of the legal entity that is the employer, and all

8  applicable hourly rates in effect during the pay period and the corresponding number of hours
9
10  worked at each hourly rate by the employee.

11       125.   Defendants intentionally and knowingly failed to provide to Plaintiff and

12  the SFO Non-Exempt Class the above-described writing required by Labor Code §226(a).  For

13  example, Defendants knowingly and intentionally failed to identify and/or itemize all the hours

14  Plaintiff and the SFO Non-Exempt Class worked, including hours worked off-the-clock, the
15
16  corresponding rate, and total net wages earned during each pay period, as alleged herein.

17       126.   Defendants intentionally failed to provide Plaintiffs with each wage

18  payment a wage statement identifying which of the hours Defendants paid corresponded to the

19  previous pay period and which hours corresponded to the current pay period, and the

20  corresponding rate of pay for each hour worked.

21
22       127.   Additionally, MENZIES did not record the time JIMENEZ and the SFO

23  Non-Exempt Class worked off-the-clock, and thus failed to provide their non-exempt employees

24  with each wage payment accurate itemized wage statements showing all the hours worked in a

25  pay period and the corresponding hourly rate.

26       128.   Defendants' failure to provide accurate itemized wage statements left
27
28  Plaintiff JIMENEZ and the SFO Non-Exempt Class without the ability to know, understand and

question the rate of pay and hours Defendants used to calculate their wages.

129.   Plaintiff and the SFO Non-Exempt Class suffered and continue to suffer injuries, losses and actual damages as a direct result of Defendants labor code violations, including lost of regular and overtime wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation.

130.   Labor Code § 226, in part, permits employees suffering injury to collect actual damages or the amount specified in Section 226(e). Furthermore, Section 226(g) permits an employee to bring an action for injunctive relief to ensure compliance with Section 226.

131.   As a result of Defendants' violations as alleged herein, Plaintiff and the SFO Non-Exempt Class seek an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court and additionally seek injunctive relief to ensure MENZIES compliance with Section 226 by maintaining and providing their employees with each wage payment an accurate itemized wage statements identifying all the hours worked and the corresponding rate of pay.

132.   Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, actual damages, penalties, payments pursuant to Labor Code section 226(e), monies, interest, attorney's fees, costs and injunctive relief.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## TENTH CAUSE OF ACTION

### P.A.G.A. CLAIM FOR CAUSE OF ACTION FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENT
(Violation of Labor Code § 2699, *et seq.*)

### (Alleged By Plaintiff Individually and On Behalf of the "SFO Non-Exempt Class" Against All Defendants)

133.   Plaintiff incorporates by reference paragraphs 1 through 132 inclusive, and

1  makes them a part of this Tenth Cause of Action as though fully set forth herein.

2        134.    This cause of action involves allegations of violations of provisions of the

3  California Labor Code that provide for a civil penalty to be assessed and collected by the Labor

4
   and Workforce Development Agency (hereinafter referred to as "LWDA") and recovered
5

6  through a civil action brought by an aggrieved employee on behalf of himself or herself and

7  other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

8        135.    Plaintiff JIMENEZ is an "aggrieved employee" because she was

9
   employed by the alleged violator and had one or more of the alleged violations committed
10

11 against her. Therefore, JIMENENZ is properly suited to represent the interests of other current

12 and former employees of Defendants.

13       136.    On March 29, 2010, pursuant to Labor Code § 2699, Plaintiff JIMENEZ

14 served, via Certified Mail, the LWDA and her former employer MENZIES with her claim for

15
   wage/hour violations and penalties. (A true and correct copy of which is attached hereto as
16

17 Exhibit A).

18       137.    On May 3, 2010, the LWDA provided notice, via Certified Mail, to

19 Plaintiff JIMENEZ and her former employer MENZIES that it does not intend to investigate the

20
   claims. (A true and correct copy of which is attached hereto as Exhibit B) Thus, JIMENEZ
21

22 exhausted her obligation to provide administrative notice and seeks penalties on behalf of herself

23 and represented employees pursuant to Labor Code § 2699 et seq.

24       138.    Defendants violated Labor Code § 226 by failing to provide the SFO Non-

25 Exempt Class, including Plaintiff JIMENEZ, with each wage payment an accurate itemized wage

26
   statements showing all hours worked, the applicable hourly rate, total net wages earned, and
27

28 identifying the pay period the hours where worked and/or wages earned.

139.    Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation in which Defendants violated Labor Code § 226.

140.    Pursuant to Labor Code § 2699, Plaintiff JIMENEZ seeks to recover civil penalties on behalf of herself and represented employees.  The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

141.    For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred herein.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## ELEVENTH CAUSE OF ACTION

### FAILURE TO FAILURE TO PROVIDE TOOLS AND EQUIPMENT AND/OR REIMBURSE BUSINESS EXPENSES
("Uniforms and Equipment" Section of the IWC Wage Order; Labor Code § 2802)

### (Alleged By Plaintiff Individually and On Behalf of the "SFO Passenger Service Agents Class" Against All Defendants)

142.    Plaintiff incorporates by reference paragraphs 1 through 141 inclusive, and makes them a part of this Eleventh Cause of Action as though fully set forth herein.

143.    Pursuant to the "Uniforms and Equipment" section of the IWC Wage Order, "[w]hen uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer." The term "uniform" includes wearing apparel and accessories of distinctive design or color.

144.    Moreover, Labor Code § 2082 provides, in part, that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the

1  directions of the employer…"

2      145.   Contrary to California law, MENZIES did not provide Plaintiff and the

3  SFO Passenger Service Agents Class with uniforms suitable for them to wear at work and

4

5  required them to pay for the professional fitting of their uniforms.   MENZIES additionally

6  required Plaintiff and the SFO Passenger Service Agents Class to pay for the maintenance and

7  cleaning of their uniforms.

8      146.   Plaintiff and the Passenger Service Agents Class incurred losses and

9  expenses as a result of MENZIES's policy requiring Plaintiff to wear fitted uniforms everyday to

10

11 work as a condition of employment.   Plaintiff and the Passenger Service Agents Class

12 additionally incurred losses and expenses for the professional cleaning and maintaining of their

13 uniforms, as required by MENZIES and as direct consequence of the discharge of their duties.

14     147.   Defendants refused to reimburse and/or indemnify Plaintiff and continue

15 to do so, all to Plaintiff's detriment.   On information and belief, Defendants refused to reimburse

16

17 and/or indemnify the Passenger Service Agents Class and continue to do so, all to their

18 detriment.   Accordingly, Plaintiff and the Passenger Service Agents Class suffered and continue

19 to suffer losses as a result of Defendants' violations as alleged herein in an amount to be shown

20 according to proof at trial and within the jurisdictional limitations of this Court.

21     148.   Plaintiff seeks all available remedies for MENZIES's violations including,

22 but not limited to any and all wages due, penalties, monies, interest, attorney's fees, and costs to

23

24 the extent permitted by law.

25     WHEREFORE, Plaintiff prays for relief as hereinafter requested.

26 ///

27 ///

28

## TWELFTH CAUSE OF ACTION

### P.A.G.A. CLAIM FOR FAILURE TO PROVIDE TOOLS AND EQUIPMENT AND/OR REIMBURSE BUSINESS EXPENSES
(Violation of Labor Code § 2699, *et seq.*)

### (Alleged By Plaintiff Individually and On Behalf of the "SFO Passenger Service Agents Class" Against All Defendants)

149.     Plaintiff incorporates by reference paragraphs 1 through 148 inclusive, and makes them a part of this Twelfth Cause of Action as though fully set forth herein.

150.     This cause of action involves allegations of violations of provisions of the California Labor Code that provide for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (hereinafter referred to as "LWDA") and recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

151.     Plaintiff JIMENEZ is an "aggrieved employee" because she was employed by the alleged violator and had one or more of the alleged violations committed against her. Therefore, JIMENEZ is properly suited to represent the interests of other current and former employees of Defendants.

152.     On March 29, 2010, pursuant to Labor Code § 2699, Plaintiff JIMENEZ served, via Certified Mail, the LWDA and her former employer MENZIES with her claim for wage/hour violations and penalties.  (A true and correct copy of which is attached hereto as Exhibit A).

153.     On May 3, 2010, the LWDA provided notice, via Certified Mail, to Plaintiff JIMENEZ and her former employer MENZIES that it does not intend to investigate the claims. (A true and correct copy of which is attached hereto as Exhibit B) Thus, JIMENEZ exhausted her obligation to provide administrative notice and seeks penalties on behalf of herself

and represented employees pursuant to Labor Code § 2699 *et seq.*

154.    Defendants violated Labor Code §2802 by refusing to reimburse and/or indemnify Plaintiff and the SFO Passenger Service Agents Class for all necessary expenses or losses incurred, including their failure to pay for the professional fitting and cleaning of Plaintiff's and SFO Passenger Service Agents Class's uniforms.

155.    Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation in which Defendants violated Labor Code § 2802.

156.    Pursuant to Labor Code § 2699, Plaintiff JIMENEZ seeks to recover civil penalties on behalf of herself and represented employees.  The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

157.    For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred herein.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

### THIRTEENTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200 *et seq.*

**(Alleged By Plaintiff Individually and On Behalf of the "SFO Non-Exempt Class" and the "SFO Passenger Service Agents Class" Against All Defendants)**

158.    Plaintiff incorporates by reference paragraphs 1 through 157 inclusive, and makes them a part of this Thirteenth Cause of Action as though fully set forth herein.

159.    California Business & Professions Code § 17200 *et seq.*, prohibits acts of unfair competition, which includes any "*unlawful, unfair or fraudulent business act or practice...*"

160. Defendants have systematically engaged in unlawful, unfair and fraudulent conduct such as wage and hour violations in order to decrease their costs of doing business and gain an unfair advantage over their competitors, as alleged herein.

161. Defendants' Labor Code and Industrial Welfare Commission Wage Orders violations include, but are not limited to, MENZIES's (i) failure to provide proper payment of wages for all hours worked, including hours worked off-the-clock, (ii) failure to timely pay all wages due to their employees during employment, and (iii) failure to provide tools and equipment and refusing to reimburse expenses or losses incurred to MENZIES's passenger service agents.

162. Defendants intentionally avoided paying the "SFO Non-Exempt Class" and the "SFO Passenger Service Agents Class," including Plaintiff JIMENEZ, all wages and other financial obligations attached thereto, to create for Defendants an artificially lower cost of doing business, and thus, undercut their competitors and establish and/or gain a greater foothold in the marketplace, all to the detriment of Plaintiff, the "SFO Non-Exempt Class" and the "SFO Passenger Service Agents Class.

163. Defendants lowered their costs of doing business by paying the SFO Non-Exempt Class and the SFO Passenger Service Agents Class, including Plaintiff JIMENEZ, amounts less than what required under the California Labor Code and Wage Order of the Industrial Welfare Commission, thereby unfairly forcing Plaintiff, the SFO Non-Exempt Class and the SFO Passenger Service Agents Class to perform work without fair compensation and benefits.

164. Defendants held themselves out to the SFO Non-Exempt Class and the SFO Passenger Service Agents Class, including Plaintiff JIMENEZ, as being knowledgeable and

adhering to the employment laws of California at all relevant times. Plaintiff, the SFO Non-Exempt Class and the SFO Passenger Service Agents Class relied on and believed in Defendants' representation concerning their conformance with the California laws alleged herein, all to their detriment.

165.   Defendants' scheme to lower their payroll costs by violating the California Labor Code and the Wage Order of the Industrial Welfare Commission, as alleged herein, constitutes "unlawful, unfair or fraudulent business act or practice," under Business and Professions Code § 17200 *et seq.*

166.   Plaintiff, the SFO Non-Exempt Class and the SFO Passenger Service Agents Class suffered and continue to suffer injuries due to Defendants' unlawful business practices as alleged herein.

167.   Plaintiff, the SFO Non-Exempt Class and the SFO Passenger Service Agents Class suffered loss of wages and monies, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court, as a direct result of Defendants' violations to the Labor Code and Industrial Welfare Commission Wage Orders.

168.   Plaintiff seeks injunctive relief and restitution of all wages and monies due in an amount according to proof, and any and all attorney's fees incurred herein to the extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

///

///

///

///

1

## PRAYER FOR RELIEF

2

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

3

4      a.    For general damages;

5      b.    For special damages;

6      c.    For actual damages pursuant to Labor Code §226(e);

7      d.    For indemnification of expenses or losses under Labor Code § 2802;

8

9      e.    For reasonable attorney fees, cost of suit, and interest to the extent permitted

10      by law, including pursuant to Code of Civil Procedure §1021.5 and Labor

11      Code §§ 218.6, 2802 and 2699 *et seq.*;

12      f.    For statutory penalties to the extent permitted by law, including those pursuant

13      to the Labor Code and Orders of the Industrial Welfare Commission;

14

15      g.    For injunctive relief as provided by the Labor Code and the Business and

16      Professions Code §17200 *et seq.*;

17      h.    For restitution as provided by Business and Professions Code §17200 *et seq.*;

18      i.    For an order requiring Defendants to restore and disgorge all funds to Plaintiff

19      acquired by means of any act or practice declared by this Court to be

20      unlawful, unfair or fraudulent and, therefore, constituting unfair competition

21      under Business and Professions Code §17200 *et seq*;

22

23      j.    For an award of damages in the amount of unpaid compensation and monies

24      including, but not limited to actual damages, unpaid wages, overtime wages,

25      minimum wages, regular wages, waiting time penalties and other penalties

26      according to proof, including interest thereon;

27

28      k.    For an order imposing a constructive trust upon the Defendants to compel

them to transfer wages that have been wrongfully obtained and held by Defendants to unpaid employees;

l.  For an accounting to determine all money wrongfully obtained and held by Defendants;

m.  For a declaratory judgment that Defendants have violated Labor Code §§ 201, 202, 203, 204, 210, 218, 218.6, 226, 510, 558, 1194, 1194.2, 1197, 2802, 2698 *et seq.*, and the "Hours and Days of Work," and the "Uniform and Equipment" Sections of the Wage Order of the Industrial Welfare Commission;

n.  For pre- and post-judgment interest; and

o.  For such other relief as the Court deems just and proper.

DATED: May 19, 2010                     GRACE**HOLLIS** LLP

By:  _Vilmarie Cordero_
      Michael J. Grace, Esq.
      Vilmarie Cordero, Esq.
      Attorneys for Plaintiff

///
///
///
///
///

1

## **JURY TRIAL DEMAND**

2

Please take notice that Plaintiff demands trial by jury on all Causes of Action.

3

4

5

6

7   DATED:  May 19, 2010                          **GRACEHOLLIS** LLP

8

9

10

11   By:   _Vilmarie Cordero_

12        Michael J. Grace, Esq.
         Vilmarie Cordero, Esq.
13        Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-38-
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# Exhibit A



**GRACE·HOLLIS**
LLP

March 29, 2010

Attorneys at Law
A Limited Liability
Partnership Including
Professional Corporations

3555 Fifth Avenue
San Diego, CA 92103
619.692.0800 voice
619.692.0822 fax

www.gracehollis.com

Vilmarie Cordero
vcordere@gracehollis.com
619.906.4025 direct

<u>**CERTIFIED MAIL (RETURN RECEIPT)**</u>

California Labor & Workforce Development Agency
801 "K" Street, Suite 2101
Sacramento, CA 95814

Menzies Aviation, Inc.
P.O. Box 610330
DFW Airport, TX 75261-0330

Re:     **Claims of Jessica Jimenez against Menzies Aviation, Inc. and/or
         Menzies Aviation Group (USA), Inc.**

Dear Labor and Workforce Development Agency and Menzies Aviation:

This letter shall serve as the wage/hour and penalties claim of Jessica Jimenez (or "claimant") against her current employer, Menzies Aviation, Inc. and/or Menzies Aviation Group (USA), Inc. ("hereinafter collectively referred to as "Menzies") in accordance with Labor Code Private Attorneys General Act (Labor Code §§ 2699, 2699.3, 2699.5), and Labor Code §1194. As such, Ms. Jimenez desires to file a civil action to enforce her rights under the Labor Code and seek compensation accordingly. Moreover, pursuant to Labor Code §2699(a), Ms. Jimenez reserves the right to bring a wage and hour claim on behalf of all current and former employees of Menzies.

The purpose of this letter is to provide you with a brief summary of the claims and damages, and allow you an opportunity to resolve this matter prior to litigation.

<u>**FACTUAL BACKGROUND**</u>

Ms. Jimenez commenced employment with Menzies as a lead passenger service agent on or around January 15, 2009 at the San Francisco International Airport. Ms. Jimenez worked as a non-exempt employee on a continual basis until termination of her employment on February 22, 2010. Menzies is a global aviation support company based in the United Kingdom that provides ground handling, cargo handling, aircraft maintenance, and aviation-related services in several locations around the world, including three different California locations: the Los Angeles International Airport, Norman Y. Mineta San Jose International Airport and the San Francisco International Airport. Ms. Jimenez started working with Menzies at an hourly rate of $16.44 an hour. Nonetheless, in or around August 2009, Menzies demoted Ms. Jimenez to passenger service agent and reduced her compensation to $14.83.

California Labor & Workforce Development Agency
Menzies Aviation
March 29, 2010
Page 2 of 5



**GRACE·HOLLIS**
LLP

Ms. Jimenez and other non-exempt employees were not provided with all the required benefits and protections of the California wage and hour laws including, but not limited to, the payment for off-the-clock work, payment of proper overtime wages, timely payment of all wages, and reimbursement of all necessary work related expenses.

Menzies did not pay claimant and all other similarly situated non-exempt employees for time spent working off-the-clock when they were under the control of Menzies. Ms. Jimenez and other non-exempt employees were required pursuant to Menzies's company policy to park in a Menzies designated area a far distance from the actual work area. After they arrive at the parking lot, Menzies's employees, including Ms. Jimenez, are required to wait for and take a Menzies' shuttle bus. Ms. Jimenez typically waited thirty (30) to forty five (45) minutes for Menzie's shuttle bus to come to pick her up.

Menzies's employees cannot clock in at the Menzie's employee parking lot before taking the shuttle bus. Although Menzies directs its employees, including Ms. Jimenez, to wait and ride Menzies' shuttle, Menzies does not compensate them for their waiting and travel times. Menzies considers off-the-clock work as non-compensable time and do not include this work time in the calculation of minimum and overtime wages. Menzies auto-deducted from its employee's check, including Ms. Jimenez, the cost of the parking permit. Ms. Jimenez paid $25.00 at the beginning of her employment for the parking permit. Thereafter, the cost of the permit increased several times up to $90.00 a month.

Moreover, Menzies did not pay Ms. Jimenez for the hours she worked timely. Menzies did not pay Ms. Jimenez for all the hours worked on a pay period on the scheduled pay day for that pay period. On several occasions, Ms. Jimenez worked a certain number of hours on a specific pay period but Menzies paid her less the amount of the total hours worked. Ms. Jimenez had to wait at least two weeks—until the next pay day—to receive compensation for the hours worked on the previous pay period. Menzies did not identify in her wage statement which hours corresponded to the previous pay period and which corresponded to the current pay period, and did not show the hourly rate for the hours worked on the previous pay period.

In addition, Menzies required Ms. Jimenez and other passenger service agents to pay for the alteration and maintenance of their uniforms. Passenger service agents uniforms consisted of shirts, pants and a vest. Menzies provides the shirts, pants and vests to its employees in size large only. Ms. Jimenez complained about the size of the uniform, however, Menzies informed her they did not pay for any alterations to the uniforms. Ms. Jimenez paid at least $50.00 for the professional fitting of her uniforms, including four pants and one vest. Menzies required all its passenger service agents to wear clean and starched uniforms. However, Menzies did not pay for the cleaning expenses of the uniforms. Ms. Jimenez paid approximately $22.00 a week for the professional cleaning of her uniforms. Menzies did not reimburse Ms. Jimenez for any of these work related expenses.

Accordingly, claimant makes for herself and on behalf of all current and former California employees of Menzies, this claim letter against Menzies for the violations of the California labor laws as discussed below:

California Labor & Workforce Development Agency
Menzies Aviation
March 29, 2010
Page 3 of 5



**GRACEHOLLIS**
LLP

## FAILURE TO PAY OVERTIME WAGES
(Labor Code §§510, 558 and "Hours & Days of Work" Section of the IWC Wage Order)

Under Labor Code §510 and the "Hours & Days of Work" Section of the IWC Wage Order, non-exempt employees are entitled to one and one-half times their hourly pay for any and all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, for the first eight (8) hours worked on the seventh consecutive day of work in a workweek, and for any work in excess of forty (40) hours in any one workweek. Non-exempt employees are entitled to double time for any hours worked beyond twelve (12) hours in a workday and in excess of eight (8) hours on the seventh consecutive day of a workweek.

Menzies did not pay claimant and other non-exempt employees overtime wages for all the hours worked, including, but not limited to the time spent waiting off-the-clock. Claimant intends to pursue all remedies for the overtime violations on behalf of herself and other current and former employees, including recovery of wages, interest, attorneys' fees, costs, and penalties to the extent allowed by law.

## FAILURE TO PROVIDE AND MAINTAIN TOOLS AND EQUIPMENT
("Uniforms and Equipment" Section of the IWC Wage Order; Labor Code § 2802)

Pursuant to the "Uniforms and Equipment" section of the IWC Wage Order, "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least 2 times the minimum wages may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

Labor Code § 2082 provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer…"

Contrary to California law, Menzies employees were required to fit and maintain their uniforms. Ms. Jimenez and all other Menzies's passenger service agents are not exempt employees not paid at least 2 times the minimum wage and, therefore, Menzies is required to provide fitted uniforms and to reimburse for all necessary expenditures. Accordingly, claimant intends to pursue all remedies for tools and equipment violations on behalf of herself and other current and former employees, including recovery of wages, reimbursement for amounts paid by employees the providing and maintenance of tools and supplies, interest, attorneys fees, costs, and penalties to the extent allowed by law.

## FAILURE TO PAY TIMELY WAGES
(Labor Code §§201, 202, 203, 204)

Pursuant to Labor Code § 204, all wages earned by any person in any employment are due and payable twice during each calendar month. Furthermore, Labor Code § 204 states that "all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period." Menzies violated Section 204 by not timely paying claimant and other employees during their employment all wages earned relating regular wages and overtime wages.

California Labor & Workforce Development Agency
Menzies Aviation
March 29, 2010
Page 4 of 5


**GRACE·HOLLIS**
LLP

Pursuant to Labor Code §§201 and 202, all unpaid wages must be paid to the employee by the statutory time. Under Labor Code §201, "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Additionally, Labor Code §203(a) states that if an employer willfully fails to pay, any wages of an employee who quits or is discharged, the wages of the employee continue as a penalty from the due date at the same rate until paid or until an action is commenced, but for no more than 30 days.

As claimant and other employees who have not yet received all wages due and owed to them, waiting time penalties under Labor Code §203 are due in addition to the wages itself. Claimant intends to pursue all remedies for Menzies failure to pay timely wages on behalf of herself and other current and former employees, including recovery of wages, attorneys' fees, costs, and penalties to the extent allowed by law.

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (Labor Code § 226)

Menzies is required under Labor Code section 226(a) to furnish each of its employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned, (5) the inclusive dates of the period for which the employee is paid, (6) the name of the employee and his or her last four digit of the social security number or an employee identification number, (7) the name and address of the legal entity that is the employer, (8) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Subsection (e) of Labor Code § 226 states:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00), and is entitled to an award of costs and reasonable attorney's fees."

Menzies failed to provide Ms. Jimenez and other non-exempt employees with accurate itemized wage statements complying with the requirements of Section 226(a), including but not limited to providing the total hours worked by the employee during each pay period, the rate of pay for each pay period, and the inclusive dates of the pay periods for which the employees were paid. As a result, complainant was deprived from knowing the true amount of wages due and owing to her in each pay period, and therefore damaged. Claimant intends to pursue all remedies related to this violation on behalf of herself and other current and former California employees, including recovery of actual damages, attorneys fees, costs and penalties to the extent allowed by law.

California Labor & Workforce Development Agency
Menzies Aviation
March 29, 2010
Page 5 of 5



**GRACE·HOLLIS**
LLP

### ATTORNEY'S FEES, INTEREST & PENALTIES
(Labor Code §§ 218.6, 226(e), 1194, 2698 *et seq.*, 2802)

Labor Code §§ 218.6, 226(e), 1194, 2699(g)(1), and 2802 provide employees the right to recover in a civil action wages, reimbursements, damages, liquidated damages, and penalties including interest thereon, reasonable attorney's fees, and costs of suit. Pursuant to Labor Code § 2699, aggrieved employees are entitled to collect 25% of the penalty assessment and 100% of the underpaid wages. Claimant already has incurred in actual damages, costs and attorney's fees and will continue to incur in costs as a result of Menzies's unlawful actions.

### CONCLUSION

The facts and claims contained herein are based on the limited information available at the time of this writing. Therefore, if through discovery and/or expert review, claimant becomes aware of additional compensation owed to her or other former or current employees of Menzies, Ms. Jimenez reserves the right to revise these facts and add any new claims by either amending the claim letter or adding applicable causes of action in the complaint for damages.

Should you have any questions or comments, please feel free to contact me at your convenience. I look forward to your response.

Sincerely,

Vilmarie Cordero

# Exhibit B

050610- 01



C   A   L   I   F   O   R   N   I   A
# Labor & Workforce Development Agency

**Governor**
Arnold
Schwarzenegger

**Secretary**
Victoria L. Bradshaw

Agricultural
Labor
Relations
Board

California
Unemployment
Insurance
Appeals
Board

California
Workforce
Investment
Board

Department of
Industrial
Relations

Economic
Strategy
Panel

Employment
Development
Department

Employment
Training
Panel

May 03, 2010                                              **CERTIFIED MAIL**

Grace Hollis LLP
3555 Fifth Avenue
San Diego, CA 92103

RE: Employer:     Menzies Aviation, Inc.; Menzies Aviation Group (USA), Inc.
RE: Employee(s): Jessica Jimenez
RE: LWDA No:   6120

This is to inform you that the Labor and Workforce Development Agency (LWDA) received your notice of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked March 30, 2010, and after review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "…civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the LWDA for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code." Labor Code Section 2699(l) specifies "[T]he superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward a copy of the court judgment or the court-approved settlement agreement. Please be certain to reference the above LWDA assigned Case Number in any future correspondence.

Sincerely,

*Doug Hoffner*

Doug Hoffner
Undersecretary

Cc:   Menzies Aviation, Inc.; Menzies Aviation Group (USA), Inc.
       PO Box 610330
       DFW Airport, TX 75261

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 3.221(c))



**Superior Court of California
County of San Francisco**

ADR-1  09/08 (ja)

Page 1

# Introduction

**Did you know that most civil lawsuits settle without a trial?**

**And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?**

**These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.**

**In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.**

**ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.**

# Advantages of ADR

**ADR can have a number of advantages over a lawsuit.**

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### *Description*

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

# MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case.  Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions.  Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## *Operation*

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes.  An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.   Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties.  A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed.  If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## *Private Mediation*

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation.  The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial.  Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110).  Both forms are attached to this packet.

### *Mediation Services of the Bar Association of San Francisco*

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties.  It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process.  Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by BASF pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $250 per party administration fee, parties select a specific mediator from the list of approved mediation providers or BASF will help them select an appropriate mediator for the matter.  The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at **www.sfbar.org/mediation** or you may call BASF at 415-982-1600.

### *Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program.  A preference for a specific judge may be indicated.  The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $100 per hour to $800 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $250 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

# EARLY SETTLEMENT PROGRAM

## Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

## Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If the Court assigns a matter to the ESP, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

400 McAllister Street, San Francisco, CA  94102-4514

| | |
|---|---|
| Plaintiff | Case No. _____ |
| v. | **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |
| Defendant | |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ **Private Mediation**          ☐   **Mediation Services of BASF**     ☐   **Judicial Mediation**
☐ **Binding arbitration**                                                                    Judge _____
☐ **Non-binding judicial arbitration**                                                Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

_____     _____     _____
Name of Party Stipulating           Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney

☐   Plaintiff   ☐   Defendant   ☐   Cross-defendant          Dated: _____

_____     _____     _____
Name of Party Stipulating           Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney

☐   Plaintiff   ☐   Defendant   ☐   Cross-defendant          Dated: _____

_____     _____     _____
Name of Party Stipulating           Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney

☐   Plaintiff   ☐   Defendant   ☐   Cross-defendant          Dated: _____

☐   *Additional signature(s) attached*

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO.:                              FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                  Time:              Dept.:            Div.:              Room:

Address of court *(if different from the address above):*

☐ **Notice of Intent to Appear by Telephone, by** *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

**Page 1 of 4**

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**CM-110**

4.   b.   **Provide a brief statement of the case,** including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
     The party or parties request      ☐ a jury trial      ☐ a nonjury trial.      *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
     a.   ☐   The trial has been set for *(date):*
     b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

     c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
     The party or parties estimate that the trial will take *(check one):*
     a.   ☐   days *(specify number):*
     b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
     The party or parties will be represented at trial      ☐ by the attorney or party listed in the caption      ☐ by the following:
     a.   Attorney:
     b.   Firm:
     c.   Address:
     d.   Telephone number:
     e.   Fax number:
     f.   E-mail address:
     g.   Party represented:
     ☐   Additional representation is described in Attachment 8.

9.   **Preference**
     ☐   This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
     a.   Counsel      ☐ has      ☐ has not      provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
     b.   ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
     c.   ☐   The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply):*

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated (specify):

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**19. Other Issues**  ☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

**21. Total number of pages attached (if any):** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____ ▶          _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY)

_____ ▶          _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. January 1, 2009]          **CASE MANAGEMENT STATEMENT**          Page 4 of 4



# Superior Court of California
## County of San Francisco



HON. JAMES J. MCBRIDE
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Gail Dekreon
The Honorable Ernest H. Goldsmith
The Honorable Curtis Karnow
The Honorable Charlene P. Kiesselbach
The Honorable Tomar Mason
The Honorable Anne-Christine Massullo
The Honorable Ronald Quidachay

The Honorable A. James Robertson, II
The Honorable Jeffrey S. Ross
The Honorable John K. Stewart
The Honorable Richard Ulmer
The Honorable Monica F. Wiley
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file the Stipulation to Alternative Dispute Resolution form indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated on the form but assignment to a particular judge is not guaranteed. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

03/2010 (rw)

1

2

3

4

5

6

**F I L E D**
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

JUL ᵌ 0 2004

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

7       SUPERIOR COURT OF THE STATE OF CALIFORNIA

8       COUNTY OF SAN FRANCISCO

9       DEPARTMENT 304

10

11   In re:
                                            )
12       COMPLEX LITIGATION                  )   **GENERAL ORDER RE:**
                                            )   **PROCEDURE FOR APPROVAL**
                                            )   **OF COMPLEX LITIGATION**
13                                           )   **DESIGNATION**
                                            )
14                                           )
                                            )   The Honorable Richard A. Kramer
15

16       This Order shall apply to any case designated as a Complex Case on the Civil Case Cover

17   Sheet (Judicial Council Form CM-010, Rule 201.8, Cal. Rules of Court) filed in San Francisco

18   Superior Court. As to all such cases:

19       1. The fee(s) required by California Government Code section 26826.4 shall be paid upon

20   filing such designation.

21       2. No case shall be assigned to the Complex Litigation Department until an Application For

22   Approval of Complex Litigation Designation has been made in accordance with this Order, and the

23   Court has ordered the case so assigned.

24
                                    -1-

1    3. An Application for Approval of Complex Designation must be filed within 10 days of the

2    date of filing of the Civil Case Cover Sheet Complex Case Designation, setting forth with specificity

3    the reasons that the case should be assigned to the Complex Litigation Department in accordance

4    with the factors set forth in Rule 1800 *et seq*, California Rules of Court.  A copy of such Application,

5    together with a copy of the operative Complaint and of the Civil Case Cover Sheet, shall be

6    delivered to the clerk of Department 304 promptly upon filing.  Copies of the Application shall be

7    served on all other parties who have been served with the Complaint or have appeared in the case.

8    4. A Complex Case Designation which does not comply with this Order will be deemed

9    denied without further order.

10    5. Until such time as the Court issues an order assigning the case to the Complex Litigation

11    Department, it will remain in general civil case management and shall be subject to all applicable

12    case management rules and procedures. *See* Rule 3 – Civil Case Management, San Francisco

13    Superior Court Local Rules of Court.

14    6. Upon the denial of Complex Case Designation, either under paragraph 4 hereof or by

15    specific court order, and no sooner than 60 days after the date of filing the Civil Case Cover Sheet,

16    the Clerk of the Court shall, upon written request, refund any fees paid pursuant to California

17    Government Code section 26826.4(a) or (b).  *See* Cal. Gov. Code § 26826.4(d).

18    7. This Order does not modify the provisions of Rule 1812(b), California Rules of Court.

19    IT IS SO ORDERED.

20    Dated: July 30 , 2004

21

22    RICHARD A. KRAMER
     Judge of the Superior Court

23

24    -2-
     GENERAL ORDER re: COMPLEX LITIGATION DESIGNATION APPROVAL

CASE NUMBER: CGC-10-500367 JESSICA JIMENEZ VS. MENZIES AVIATION, INC. et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **NOV-05-2010** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Jul-22-2010 4:01 pm

Case Number: CGC-10-500367

Filing Date: Jul-22-2010 4:00

Juke Box: 001    Image: 02918540

PROOF OF SERVICE OF SUMMONS AND COMPLAINT

JESSICA JIMENEZ VS. MENZIES AVIATION, INC. et al

001C02918540

**Instructions:**
Please place this sheet on top of the document to be scanned.

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael J. Grace, Esq. (SBN 76581) Vilmarie Cordero, Esq. (SBN 268860) GRACEHOLLIS 3555 Fifth Avenue San Diego, CA 92103 | **FILED** Superior Court of California County of San Francisco **JUL 2 2 2010** CLERK OF THE COURT BY: _____ Deputy Clerk |

TELEPHONE NO.: (619) 692-0800   FAX NO. *(Optional):*   (619) 692-0822
E-MAIL ADDRESS *(Optional):* mgrace@gracehollis.com
ATTORNEY FOR *(Name):* Plaintiff JESSICA JIMINEZ

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: -the same as above-
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: Jessica Jimenez, et al.

DEFENDANT/RESPONDENT: Menzies Aviation Group (USA), Inc.

*VIA FAX*

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CGC-10-500367 |
|---|---|

TO *(insert name of party being served):* <u>Defendant Menzies Aviation Group (USA), Inc., c/o Christopher Ward, Esq.</u>

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 9, 2010

Vilmarie Cordero, Esq.
(TYPE OR PRINT NAME)          ▶ _____
                               (SIGNATURE OF SENDER--MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [x] A copy of the summons and of the complaint.
2. [x] Other: *(specify):* Civil Cover Sheet; Notice to Plaintiff re Case Managament Conference; a copy of blank Case Management Statement; ADR Program Information Package

*(To be completed by recipient):*
Date this form is signed: July 19, 2010

Christopher Ward/ Menzies Aviation
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____ Cansel for Defendant
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Legal Solutions Plus

Code of Civil Procedure, §§ 415.30, 417.10