CHRISTOPHER G. WARD, CA Bar No. 238777
  cward@foley.com
ARCHANA R. ACHARYA, CA Bar No. 272989
  aacharya@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE:  213.972.4500
FACSIMILE:   213.486.0065

Attorneys for Defendants MENZIES AVIATION, INC. and MENZIES AVIATION GROUP (USA), INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JESSICA JIMENEZ and ORLANDO MIJOS, individually and on behalf of all other current and former similarly situated California employees of Defendants,,<br><br>Plaintiff,<br><br>vs.<br><br>MENZIES AVIATION, INC., MENZIES AVIATION GROUP (USA), INC., and DOES 1 THROUGH 10, inclusive,<br><br>Defendant. | Case No. 15-CV-02392-WHO<br><br>**DEFENDANTS MENZIES AVIATION, INC.'S AND MENZIES AVIATION (USA) INC.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL THE INDIVIDUAL ARBITRATION OF PLAINTIFF ORLANDO MIJOS AND TO STAY ALL JUDICIAL PROCEEDINGS**<br><br>DATE: AUGUST 5, 2015<br>TIME: 2:00 P.M.<br>LOCATION: COURTROOM 2<br><br>HON. WILLIAM H. ORRICK |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In their Motion, Menzies acknowledged that Mijos executed the ADR Policy in 2011 after Plaintiff Jimenez initially filed this lawsuit – which encompassed only a "park and ride" theory of liability requesting unpaid wages for time spent commuting on a shuttle and a theory of liability for unpaid business reimbursements regarding the professional fitting and cleaning of uniforms.  Review of the specific factual allegations in the Complaint made clear that, pursuant to the pleading requirements of Rule 8 and the twin cases of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), these were the only theories of liability at issue in the Original Complaint, and therefore the only theories of liability applying to Mijos as a putative class member, at the time Mijos executed the ADR Policy.  Specifically, there was not a single sufficiently pled factual allegation in the original Complaint that relates to the new theory of liability asserted by Mijos upon which the newly identified subclass depends. [*See* Dkt. 1-1, Ex. A-1 (Complaint) at ¶¶ 15-41.]  Were the contrary true, there would never have been a need to plead new factual allegations, as the SAC does, or proffer a new subclass depending on such allegations, because such matters would obviously have already been at issue through the prior pleadings.

To again be clear, Menzies is not asking the Court to apply the ADR Policy as to any theories of liability.  Rather, it is only asking the Court to enforce the ADR Policy as to Mijos's newly raised theories of liability in the SAC not adequately pled in the original Complaint, which include newly raised theories of weekly overtime and seventh day overtime premiums and related claims.  These theories were not properly part of Plaintiff Jimenez's 2010 original Complaint, and therefore not part of any pending class theories potentially applicable to Mijos at the time he executed the ADR Policy.  The Opposition ironically makes this point clear.  Even as counsel claims the SAC does not plead any new causes of action, the Opposition also concedes the SAC, through Mijos, does add new theories of liability and a new subclass covering those theories of liability not

asserted in the original Complaint.  [Opp., 4:11-13.]

This is the entire point of Menzies' Motion and the reason for enforcement of the ADR Policy as requested: there are newly raised class theories of liability first were placed at issue *after* Mijos executed the ADR Policy.  Plaintiffs' assertions that Mijos could not properly execute the ADR Policy as applicable to the new class claims he seeks to add to this litigation are therefore as incorrect as the legally invalid argument that the Federal Arbitration Act ("FAA") does not apply to him and their puzzling decision to rely on *Gentry v. Superior Court*, a case both the U.S. and California Supreme Courts have now rejected.  Mijos's absolute fabrication of fact that his supervisor threatened him with wage loss if he did not execute the ADR Policy  also provides no basis to preclude enforcement of the ADR Policy.  The Court should therefore grant Menzies' Motion and compel the individual arbitration of Mijos's newly raised claims.

## II. <u>MIJOS WAS NEVER ENGAGED IN INTERSTATE COMMERCE UNDER THE LIMITED EXCEPTION IN THE FAA</u>

The Supreme Court has repeatedly affirmed that the FAA applies to written arbitration agreements in the employment context.  *See e.g. Circuit City Stores v. Adams*, 532 U.S. 105, 115 (2001).  If a court determines that a valid arbitration agreement encompasses the dispute, the FAA requires the court to enforce the arbitration agreement according to its terms.  *Simula Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).  A narrow exception exists for employment contracts related to employees who work across state lines due to the nature of their work, such as seamen, railroad workers, or commercial drivers.  *See Circuit City Stores, Inc. v. Mantor*, 335 F.3d 110, 117 (9th Cir. 2003); *Harden v. Roadway Package Sys, Inc.*, 249 F.3d 1137, 1140 (9th Cir. 2001).  Plaintiffs' attempt to allege that this narrow exception also applies to Mijos – who was employed at only one airport for the entire duration of his employment [Opp., 10:20], – therefore has no basis.  Not surprisingly, the Opposition offers no authority that actually supports the argument that Mijos falls within the narrow exception to the FAA claimed by counsel.

Plaintiffs rely on three cases in support of their argument, all of which are either contrary or inapplicable to their arguments. The Ninth Circuit in *Harden* found that the FAA interstate commerce exemption applied because the employees were drivers who engaged in delivery services across the United States – in other words, their work embodied the meaning of "interstate" because it caused them to regularly cross state lines. 249 F.3d at 1139-40. In *Circuit City Stores, Inc.*, the Ninth Circuit found that the exemption did *not* apply to plaintiff-employee because he worked at only one store and the FAA's narrow exemption is limited to only those employees who actually worked in interstate commerce (in other words, cross state line), such as "seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 335 F.3d at 117. And in *Bacashihua* – a Sixth Circuit case involving labor unions and the review of an arbitration award pursuant to a collective bargaining agreement – found that postal service workers may be subject to the exemption, but nevertheless affirmed the arbitrator's decision over the employee. *Bacashihua v. U.S. Postal Serv.*, 859 F.2d 402, 404 (6th Cir. 1988). Quite clearly, none of these cases apply to Mijos[1], who worked at a single location, and Plaintiffs' misguided arguments based upon reliance on inapplicable cases provides no basis for the Court to refrain from applying the FAA to Mijos and his execution of the ADR Policy.

### III. CALIFORNIA HAS CLARIFIED THAT CLASS ACTION WAIVERS IN EMPLOYMENT ARBITRATION AGREEMENTS ARE VALID

In June of last year, the California Supreme Court issued its ruling in *Iskanian v. CLS Trans. Los Angeles, LLC*, 59 Cal. 4th 348, 360 (2014)[2], confirming that the *AT&T Mobility* holding applies to class action waivers in California employment arbitration

---

[1] One would think that had a court applied the narrow FAA exemption to an individual employed in circumstances analogous to Mijos, who does not himself ever work in a way that required him to cross state lines, Plaintiffs would have cited it for the Court's consideration. Their failure to do so is telling.

[2] The employee at issue in *Iskanian* was a driver for a transportation company. Given that the California Supreme Court found no problem applying *Concepcion* and the FAA to that driver, there clearly is no issue applying *Concepcion* and the FAA to Mijos.

agreements, thereby abrogating the case *Gentry v. Superior Court* previously holding that class action waivers in employment arbitration agreements are in many cases unenforceable. *Iskanian*, 59 Cal. 4th at 360. The *Iskanian* Court held that the FAA preempts any such rule, and that class action waivers in employment arbitration agreements are enforceable. *Id*.

Here, as set forth in Menzies' Motion, the ADR Policy encompasses the disputes Mijos newly raises in the SAC. *See Asfaw v. Lowe's HIW*, LA CV14-00697 JAK (AJWx), 2014 U.S. Dist. LEXIS 68657, * 9 (C.D. Cal May 13, 2014) (claims for unpaid wages and overtime fall within the scope of an agreement to arbitrate claims arising out of employment or the termination of employment. The ADR Policy also satisfies the *Armendariz* requirements for a neutral arbitrator, more than minimal discovery, a written award, availability of court remedies, and the prohibition of unreasonable costs or arbitrator fees being imposed on the employee. *See Armendariz v. Found. Health Psychare Servs., Inc.*, 24 Cal. 4th 83, 102 (2000). There is no doubt that the ADR Policy and Mijos's execution of the ADR Policy is valid and binding pursuant to rationale and analysis set forth in *Iskanian*. Plaintiffs' reliance on an outdated 2003 case and *Gentry*, and their deliberate failure to address and/or acknowledge *Iskanian* is puzzling, and their argument that California state law does not permit arbitration agreements in employment contexts must be dismissed.

### IV. MIJOS SHOULD BE COMPELLED TO ARBITRATE HIS NEWLY RAISED THEORIES BECAUSE THE ADR POLICY IS ENFORCEABLE RELATIVE TO SUCH CLAIMS

In their Opposition, Plaintiffs briefly – and incorrectly – argue that there are no newly raised claims in the SAC [Opp., 3:10-11], then devote most of their Opposition to arguiing that Mijos should not be required to arbitrate his claims because he signed the ADR Policy after Plaintiff Jimenez first filed her lawsuit. That specific fact is not relevant: Menzies acknowledges that Jimenez filed this lawsuit in 2010 and that Mijos signed the ADR Policy in 2011. Menzies also made it abundantly clear in its Motion, and

it repeats here, that it is not asking the Court to compel arbitration of this matter in its entirety nor apply the ADR Policy to any legal theories properly pled in the original Complaint (such as the park-and-ride theory or claim for business reimbursements), and Menzies is neither seeking to prohibit Plaintiff Mijos from participating in the putative class or even acting as a class representative as to such claims.

Rather, Menzies is only asking this Court to compel arbitration as to Mijos and only as to those legal theories based on factual allegations newly raised in the SAC, such as the newly pled subclass and any legal theories not encompassed by the specific factual allegations of the original Complaint (the "park and ride" and uniform expenses reimbursement allegations), because such newly raised claims fall within the ambit of the ADR Policy and were not at issue at the time Mijos executed the ADR Policy. The fact that the SAC does not add any new causes of action is of no import, as it is the theory of liability that must be pled in compliance with Federal Rule of Civil Procedure 8's requirements to allege specific facts in support of legal claims. *See Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555, 570. Review of the specific factual allegations of the original Complaint show that the theories of liability in that pleading arise exclusively from allegations of how Jimenez and other employees must purportedly travel to their worksites and how Jimenez and others had to alter and dry clean their uniforms. [*See e.g.* Dkt. 1-1, Ex. A-1 (Complaint) at ¶¶ 15-41 *cf.* Dkt. 1-1, Ex. A-67 (SAC) at ¶¶ 28, 41-43, 62.]

Were Menzies seeking to apply the ADR Policy to theories arising out of the originally pled specific allegations, Plaintiffs' arguments might have some merit. But Menzies is not doing so any more than his counsel are attempting to add Mijos to this case merely to duplicate the claims of Jimenez. Rather, Mijos has been added to this case to represent a new subclass pursuing a new theory of liability based on new factual allegations not properly presented in the original Complaint, and Menzies is seeking application of the ADR Policy only to this new material. There accordingly is no improper communication with putative class members about class legal theories not at

issue in any pending litigation as Plaintiffs argue and no barrier to the Court enforcing the ADR Policy as requested by Menzies.

## V. MIJOS'S BOGUS ASSERTIONS THAT MENZIES FORCED HIM TO EXECUTE THE ADR POLICY DO NOT PROVIDE ANY REASON FOR THE COURT NOT TO APPLY IT TO HIS NEWLY RAISED CLAIMS

In support of the Opposition, Mijos boldly claims that the only reason he executed the ADR Policy is that his supervisor supposedly threatened not to pay him his wages unless he executed the ADR Policy. Menzies knows that this is an outright fabrication put in front of the Court for the purpose of attempting to avoid enforcement of the ADR Policy.[3] However, as Menzies is not permitted to introduce new evidence at the Reply stage, if necessary it will be prepared to demonstrate the falsity of Mijos's assertions at a later time in this case, or as the situation more properly should be, in arbitration proceedings.

In any event however, Mijos's fabrications of fact also provide no basis for the Court to refrain from enforcing the ADR Policy. Under California's unconscionability doctrine – the only aspect of the FAA that would permit Mijos to avoid the consequences of his decision to execute the ADR Policy and the one upon which Mijos relies in claiming his supervisor railroaded him – a court can refuse to enforce an arbitration agreement only if it finds the Agreement is both procedurally and substantively unconscionable. *Armendariz*, 24 Cal. 4th at 99. Mijos's bold, but ultimately impossible, tale regarding the circumstances surrounding his execution of the ADR Policy go only to the procedurally unconscionable half of the analysis. Provided the Court finds no

---

[3] In point of fact, Menzies has never permitted *any* SFO manager or supervisor to handle execution of the ADR Policy with any employee and no manager or supervisor has done so. Since Menzies implemented the ADR Policy at SFO in 2011, only one individual – the Company's SFO Human Resources Manager – has personally handled *every single ADR Policy execution for every SFO employee*, and no other employee has access to unsigned versions of the document. It is therefore impossible that Mijos was supposedly threatened and bullied into executing the ADR Policy by his supervisor as claimed. Should the Court be interested in receiving additional evidence on this issue, Menzies will be happy to provide appropriate declarations under penalty of perjury establishing these facts.

substantively unconscionable aspects of the ADR Policy – and because the ADR Policy complies on its face with all the *Armendariz* factors, there is no such substantively unconscionablility – the Court must enforce the ADR Policy as requested by Menzies. *Id*. That is the case here, requiring enforcement of the ADR Policy regardless of Mijos's willingness to provide inaccurate information regarding the circumstances of his execution of the ADR Policy.

## VI. CONCLUSION

For the foregoing reasons, Menzies respectfully requests that this Court (i) enforce the ADR Policy as to Plaintiff Mijos and the newly raised claims in the SAC not within the scope of the specific allegations of the original Complaint, (ii) dismiss Mijos's newly raised putative class claims, (iii) require him to proceed with his newly raised individual claims through final and binding arbitration pursuant to the ADR Policy, and (iv) in order to avoid conflicting rulings, stay any related court proceedings until the resolution of Mijos's arbitration.

DATED:  June 26, 2015　　　　　　　　　**FOLEY & LARDNER LLP**
　　　　　　　　　　　　　　　　　　　　Christopher G. Ward
　　　　　　　　　　　　　　　　　　　　Archana R. Acharya


　　　　　　　　　　　　　　　　　　　　*/s/ Christopher G. Ward*
　　　　　　　　　　　　　　　　　　　　Christopher G. Ward
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants MENZIES
　　　　　　　　　　　　　　　　　　　　AVIATION, INC. and MENZIES AVIATION
　　　　　　　　　　　　　　　　　　　　GROUP (USA), INC.