UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA JIMENEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MENZIES AVIATION INC, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-02392-WHO<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL STAY PENDING APPEAL**<br><br>Re: Dkt. No. 28 |

## INTRODUCTION

On September 8, 2015, defendant Menzies Aviation, Inc. ("Menzies") filed a letter seeking a partial stay of this action pending an appeal to the Ninth Circuit of my August 2015 order denying its motion to compel individual arbitration of plaintiff Orlando Mijos's claims.[1] In support of its request, Menzies argues that purported "new" claims added after Mijos signed its ADR policy should be arbitrated, that Menzies would be irreparably harmed absent a stay, and that public policy favoring arbitration requires a stay. Menzies is unlikely to succeed in its partial appeal, which will further delay this five year old case. Whatever modest savings Menzies might achieve if its appeal was successful is outweighed by the impact on plaintiffs and the potential loss of evidence occasioned by the delay. And there is no strong public policy factor that supports Menzies's request. Accordingly, I DENY it.

## BACKGROUND

The facts of this case are well known to the parties and fully set out in my previous order. Dkt. No. 19 at 1-3. For the purposes of this motion, it is important to note a few key facts. In June 2010, Jessica Jimenez, a Menzies employee, filed this putative class action in San Francisco Superior Court alleging, among other thing, that Menzies failed to pay its San Francisco

---

[1] Although there are multiple defendants in this litigation, the letter was submitted only on behalf of Menzies Aviation, Inc.

International Airport non-exempt employees minimum wage and overtime. In 2011, during the pendency of this employment class action, Menzies implemented an ADR policy requiring employees to arbitrate their employment claims. Mijos signed onto the new ADR policy shortly after its adoption. Although the class action complaint was filed in 2010, Mijos was not added on as a class representative until 2015 when a second amended complaint ("SAC") was filed to accommodate a subgroup of putative class members that were entitled to additional overtime-related damages. After Menzies removed this case, it filed a motion to compel individual arbitration of Mijos's claims, Dkt. No. 11, that I denied. Dkt. No. 19. Menzies now seeks a partial stay pending its appeal of that order.

## LEGAL STANDARD

A stay is "not a matter of right" but "an exercise of judicial discretion and the propriety of its issue is dependent on the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks and citations omitted). An appeal from a district court's order denying a motion to compel arbitration does not trigger an automatic stay pending the appeal. *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1411–12 (9th Cir. 1990). The Ninth Circuit has reasoned that automatic stays in this context "would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration." *Id*. at 1412.

Accordingly, a district court faced with a motion to stay a case pending an appeal of a denial to compel arbitration has discretion to grant or deny the stay "depend[ing] on the case's particular facts [and] circumstances." *Morse v. Servicemaster Global Holdings, Inc*., No. 08-cv-03894-SI, 2013 WL 123610, at *1-2 (N.D. Cal. Jan. 8, 2013). "In making this decision, many lower courts have applied the traditional test that is used to determine whether there should be a stay pending an appeal." *Newton v. Am. Debt Servs*., Inc., No. 11-cv-03228-EMC, 2012 WL 3155719, at *1 (N.D. Cal. Aug. 2, 2012); *see also Morse*, 2013 WL 123610, at *1-2; *Covillo v. Specialty's Cafe*, No. 11-cv-00594-DMR, 2012 WL 4953085, at *1 (N.D. Cal. Oct. 17, 2012). This test involves four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay

1    will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies

2   *Nken*, 556 U.S. at 434 (internal quotation marks and citations omitted). The first two factors are

3   the most critical. *Id*.

4    In weighing these factors, the Ninth Circuit has applied a "sliding scale" approach whereby

5   the factors are balanced "so that a stronger showing of one ... may offset a weaker showing of

6   another." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir.2011); *see also Morse*, 2013 WL

7   123610, at *1-2. Under this sliding scale approach, a moving party who cannot show a strong

8   likelihood of success on the merits may nonetheless be entitled to a stay where he shows that his

9   appeal "raises serious legal questions, or has a reasonable probability or fair prospect of success."

10  *Leiva-Perez*, 640 F.3d at 971; *see also Britton*, 916 F.2d at 1412 (noting that a stay pending an

11  appeal from an order declining to compel arbitration may be appropriate where "the court finds

12  that the motion presents a substantial question"). However, a party satisfying this lower threshold

13  under the first *Nken* factor "must then demonstrate that the balance of hardships under the second

14  and third factors tilts *sharply* in its favor." *Morse*, 2013 WL 123610, at *2 (internal citations and

15  modifications omitted) (emphasis in original); *see also Ward v. Estate of Goossen*, No. 14-cv-

16  03510-TEH, 2014 WL 7273911, at *3 (N.D. Cal. Dec. 22, 2014).

## DISCUSSION

### I. LIKELIHOOD OF SUCCESS

The first factor I must evaluate is whether Menzies has made a sufficient showing that it is likely to succeed on the merits of its appeal. The Ninth Circuit has acknowledged that there are "many ways to articulate the minimum quantum of likely success necessary to justify a stay – be it a 'reasonable probability' or 'fair prospect.'" *Leiva-Perez*, 640 F.3d at 965. However, at a minimum, the party must show that it has a "substantial case for relief on the merits." *Id*. at 968. Alternatively, a party may make a lesser showing that its appeal presents "serious legal issues" or "substantial questions" that warrant a stay. *See id.* at 971. Menzies argues that it prevails under either standard. I disagree.

### A. Menzies has not made a strong showing of likely success on the merits

In arguing that it is likely to succeed on appeal, Menzies raises similar arguments to those

made in its motion to compel arbitration.  Specifically, Menzies asserts that the ADR policy Mijos signed applies to Mijos's "newly raised theories of liability." Mot. at 1 [Dkt. No. 28].  It asserts that: "(1) there would never have been a need to add a new class representative to this case if Ms. Jimenez could represent all claims already at issue in the case, (ii) there would have been no need to add new factual allegations to support legal theories properly at issue in the case, and (iii) there would never have been a need to define a subclass to be represented exclusively by Mijos if all these contentions had been at issue in the case before the second amended complaint." *Id*. at 2.  My previous Order explains at length why the SAC does not include new factual theories constituting new claims for the purposes of Menzies's motion.  Dkt. No. 19 at 4-7.  I found that "[r]egardless of how class members allegedly worked the hours constituting the uncompensated overtime…the claim is the same: that class members were not compensated for that time." *Id*. at 6.  Therefore, because Menzies does not make any new substantive arguments, and the overtime compensation claim has always been at issue, I find that Menzies is not likely to succeed on the merits.

Further, Menzies does not address my ruling that the ADR policy is unenforceable because its issuance constituted improper class communications.  As discussed in my previous order, I found that not informing Mijos and other putative class members of the pending litigation, not explaining the consequences of the agreeing to the policy, and not providing an opt-out procedure constituted improper class communication. *Id*. at 7-8.  I declined to enforce the arbitration provision to compel arbitration of Mijos's claims on this ground as well and Menzies has made no arguments in its present motion that change my mind.

For the reasons set forth in my previous orders, and Menzies's failure to raise any new arguments, I find that it has not presented a strong showing of success on the merits.

### B. Menzies has not shown that its appeal presents serious legal questions.

Menzies's second assertion is that its appeal presents serious legal questions regarding "(1) whether the ADR Policy is a valid pre-dispute class action waiver that encompasses, and therefore abrogates claims not properly and clearly pled until a subsequent pleading, as well as (2) whether it abrogates new theories of liability not plausibly pled in a prior pleading but that are alleged to

4

exist prior to the execution of an arbitration agreement with a class action waiver in it." Mot. at 3.

This argument fails for similar reasons as Menzies's first argument – there are no new claims in the SAC. Menzies's attempt to characterize this case as involving a pre-dispute class action waiver akin to that in *Mohamed v. Uber Technologies , et al*, No. 14-cv-05200-EMC, 2015 WL 4483990 (N.D. Cal. July 22, 2015), ignores the critical differences between that case and this one. *Mohamed* involved arbitration agreements that were executed before litigation had commenced; here, the ADR policy was presented during the pendency of the litigation. *See* 2015 WL 4483990, at *1-2. Simply claiming the existence of "new theories of liability not plausibly pled in a prior pleading" or describing its ADR policy as a "pre-dispute class action waiver" does not make it so. Additionally, the "serious issue" Judge Chen recognized in *Mohamed* involved the procedural unconscionability of the arbitration agreement, an issue that is not raised in Menzies's own appeal. *Id.* at *4 ("[T]he Court believes that the propriety of its application of *Gentry* 's procedural unconscionability rule at least presents a 'serious issue' on appeal."). Accordingly, Menzies does not demonstrate that its appeal presents serious legal issues.

## II. IRREPARABLE HARM AND BALANCE OF HARDSHIPS

The second and third *Nken* factors concern whether the moving party "will be irreparably injured absent a stay," and "whether issuance of the stay will substantially injure the other parties." *Nken*, 556 U.S. at 419. "*Nken* held that if the petitioner has not made a certain threshold showing regarding irreparable harm…then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Leiva-Perez*, 640 F.3d at 965 (internal citations omitted).

Menzies's primary argument is that it will suffer irreparable harm because it will be "forced to incur significant monetary expense and a loss of time that arbitration is meant to abrogate." Mot. at 4. While Menzies's acknowledges that "litigation expenses do not typically constitute irreparable harm," it contends that they should in this context because these expenses are the exact type of harm that arbitration is designed to avoid. *Id*. This argument is not convincing and has been rejected by my colleagues in similar circumstances. *Morse*, 2013 WL 123610, at *3-4 (finding that the defendants had not demonstrated irreparable injury due to the potential of litigation related expenses which they sought to avoid through arbitration); *Guifu Li v.*

*A Perfect Franchise, Inc.*, No. 10-cv-01189-LHK, 2011 WL 2293221, at *4-5 (N.D. Cal. June 8, 2011) (same). I agree with their analyses.

The appeal Menzies is seeking only applies to the arbitration of certain claims at issue. Regardless of the outcome of its appeal, Menzies must continue to litigate the remaining claims; therefore, if I grant this partial stay Menzies will still incur the potential costs or delays associated with litigation. Indeed, Menzies's purported interests in speed and economy are likely further endangered by a stay in this litigation, which would cause a bifurcation in discovery and create the potential need to retake discovery following the Ninth Circuit's decision. These factors distinguish this case from *Zaborowski v. MHN Government Services, Inc.*, No. 12-cv-05109-SI, 2013 WL 1832638 at *3 (N.D. Cal. May 1, 2013) (discussing the substantial costs and delays associated with litigation) and *Gray v. Golden Gate National Recreational Area*, No. 08-cv-00722-EDL, 2011 WL 6934433 at *3 (N.D. Cal. Dec. 29, 2011) (examining the "substantial time and resources being spent on the litigation, particularly expert discovery, dispositive motions and trial preparation on class claims"), because in those cases the litigation would completely stop while the stay was in effect.[2]

With regard to potential harm plaintiffs will suffer, Menzies contends that they will not be injured by a stay because there is "virtually no likelihood of a loss or destruction of evidence stemming from delay." Mot. at 5. Mijos responds that one of the reasons Menzies has asserted for failing to produce all of the relevant pay and time records is that it keeps its time records in paper format and therefore loss or destruction may prevent full production. Dkt. No. 33 at 4. Because this case has been pending since June 2010, and some of Mijos's claims reach as far back as June 2006, Mijos argues that an additional delay in litigation will only further exacerbate the risk of lost evidence. *Id*. I agree with Mijos that a risk of injury to Mijos exists and find that Menzies has not made a sufficient enough showing of irreparable harm to tip the balance of hardship in its favor.

---

[2] Another distinction from *Gray* concerns the appeal from a denial of class certification, which causes defendants a harm distinct from that of a denial to compel arbitration. *Gray*, 2011 WL 6934433 at *3.

### III. THE PUBLIC INTEREST

Menzies articulates only one reason why the public interest would require a stay here: that there is a strong public policy favoring arbitration. Mot. at 5. However, the existence of a federal policy favoring arbitration does not, by itself, require a stay. "Allowing the blanket federal policy to force a stay pending appeal whenever arbitrability is at issue would force the four-factor [*Nken*] test to collapse into a single factor that would always favor staying proceedings pending appeal in the hope they would be sent to arbitration." *Ferguson v. Corinthian Colleges*, No. 11-cv-0127, 2012 WL 27622, at *5 (C.D. Cal. Jan. 5, 2012). I must consider other public policies at issue, such as California's interest in enforcing its wage and hour laws. *See, e.g., Sav-on Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319, 340 (2004) (Labor Code section 1194 confirms "a clear public policy ... that is specifically directed at the enforcement of California's minimum wage and overtime laws for the benefit of workers.") (internal quotation marks and citations omitted); *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1205 (2011) ("To permit nonresidents to work in California without the protection of our overtime law would completely sacrifice, as to those employees, the state's important public policy goals of protecting health and safety and preventing the evils associated with overwork."). Balancing these different policies, I find that this factor weighs in favor of denying a stay pending appeal.

### CONCLUSION

For the foregoing reasons, Menzies's motion for a partial stay pending its appeal is DENIED.

**IT IS SO ORDERED**.

Dated: September 23, 2015



WILLIAM H. ORRICK
United States District Judge