UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA JIMENEZ, et al., <br><br>   Plaintiffs, <br><br> v. <br><br> MENZIES AVIATION INC, et al., <br><br>   Defendants. | Case No. 15-cv-02392-WHO <br><br> **ORDER REGARDING MONETARY SANCTIONS** <br><br> Re: Dkt. Nos. 42, 57 |

On June 13, 2016, I issued an Order granting monetary sanctions "limited to the amount of attorney's fees and costs necessary to bring this motion." Dkt. No. 57. I directed plaintiffs to submit a declaration justifying and itemizing their revised request in two weeks, and gave defendants one week to respond to the reasonableness of the amount. *Id.* After reviewing the submissions, I award plaintiffs' counsel $35,633.50 as a reasonable amount considering the efforts reasonably required in light of Menzies's negligence in allowing the destruction of the records. Payment shall be made within sixty days.

Plaintiffs requested $53,087.33. This greatly exceeds the reasonable amount for plaintiffs' motion.[1] The Supplemental Declaration of Vilmarie Cordero attaches an itemization, as I requested, from which I am making the following deductions: (i) plaintiffs submitted inappropriate requests, including for making travel arrangements and for work after the hearing on the sanctions motion (-$1967.50); (ii) both Mr. Hollis and Ms. Cordero attended the hearing – while I recognize that the hearing was important, and plaintiffs' counsel are entitled to staff their case in the manner

---

[1] Menzies argues that the fee request has tripled from plaintiffs' counsel's original representation. I accept the representation of Ms. Cordero in her supplemental declaration that the itemization is accurate.

they think is best for the class, for purposes of this award I will not award both counsel's time and costs at the hearing (-$6000 in fees and -$577.96 in costs); and (iii) from that reduced total of $44,541.87, I deduct 20% ($8908.37) because plaintiffs' counsel block bills, a practice that disguises the amount of time any particular item of work (counsel is advised to change that practice, because it will result in fee requests being reduced in many courts, including mine) and seven timekeepers billed time to this motion, which leads to excessive conferencing and other inefficiencies.  On this last point, I recognize that Ms. Cordero indicates that she reduced some of the billed hours due to duplication of effort, as she should have, too much time from too many timekeepers was listed on the itemization, and my further deduction is appropriate.

While it is possible to evaluate the fee request in a more granular way, I have considered whether the overall amount of the award is reasonable in light of the motion that was filed, the reason it had to be filed, and the result.  I find that the award is reasonable, and if I have made any math errors, for purposes of this sanctions award I would not be inclined to correct them because the result is fair.

**IT IS SO ORDERED**.

Dated: July 22, 2016



WILLIAM H. ORRICK
United States District Judge