Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JESSICA JIMENEZ and ORLANDO MIJOS, individually and on behalf of all other current and former similarly situated California employees of Defendants,<br><br>Plaintiffs,<br><br>v.<br><br>MENZIES AVIATION, INC., MENZIES AVIATION GROUP (USA), INC., and DOES 1 THROUGH 10, inclusive<br><br>Defendants. | Case No.: 15-CV-02392-WHO<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AN AWARD OF ATTORNEY'S FEES AND COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARD**<br><br>Date: January 3, 2018<br>Time: 2:00 p.m.<br>Judge: Hon. William H. Orrick<br>Location: Courtroom 2, 17th Floor<br><br>Complaint Filed: June 2, 2010<br>Trial Date: April 24, 2017 |

CASE No. 15-CV-02392-WHO

ORDER

1. The Court has before it Plaintiffs' unopposed motion for final approval of a proposed class action settlement and attorneys' fees. After reviewing the Motion for Final Approval and the Stipulation of Settlement and Release ("Stipulation of Settlement") filed with the Court, the Court hereby finds and orders as follows:

1. This Court has jurisdiction over the claims of the Class Members asserted in this proceeding and over all parties to the action.

2. The Court finds that zero (0) Class Members have objected to the Settlement and the following two (2) Class Members have requested exclusion from the Settlement and the Court accepted their request for exclusion: Leonardo Mah and Yomara Acosta. The Court allows these two Class Members to be excluded from the settlement.

3. For the reasons set forth in the Preliminary Approval Order and in the transcript of the Final Approval hearing, which are adopted and incorporated herein by reference, this Court finds that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Class and the proposed Settlement. The Court hereby makes final its earlier provisional certification of the Vacation Class and Waiting Time Penalty Class (collectively, "the Class" and "Class Members"), as set forth in the Preliminary Approval Order.

4. The Court finds that the Stipulation of Settlement is fair, adequate, and reasonable, and falls within the range of reasonableness, and consistent and in compliance with all the requirements of Federal Rule of Civil Procedure 23.

5. The Notice given to the Class Members fully and accurately informed the Class Members of all material elements of the proposed Settlement and of the Class Members' opportunity to object to or comment thereon; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with the Federal Rules of Civil Procedure, the United States Constitution, due process and other applicable law. The Notice fairly and adequately described the Settlement and provided Class Members adequate instructions and means to obtain additional information. A full opportunity has been afforded to the Class Members to participate in the final approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly execute a

request for exclusion are bound by this Order and the Judgment.

6. The Court hereby grants final approval to the Settlement and finds it reasonable and adequate, and in the best interests of the Class as a whole. Accordingly, the Court hereby directs that the Settlement be effected in accordance with the Stipulation of Settlement and the following terms and conditions:

    a. It is hereby ordered that the Settlement Administrator shall pay the Individual Settlement Payments pursuant to the method of calculation set forth in the Stipulation of Settlement.

    b. It is hereby ordered that the Settlement Administrator shall pay the Service Payment of $10,000.00 to Named Plaintiff Sara Wright, $6,500.00 to Named Plaintiff Jessica Jimenez and $3,500.00 to Named Plaintiff Orlando Mijos because the Court finds the Service Payment is fair and reasonable for the work she provided to the Class and Class Counsel.

    c. It is hereby ordered that the Settlement Administrator shall pay the Fee and Expense Award of $416,666.66, plus $199,030.47 in actual costs, to Class Counsel because Class Counsel's request falls within the range of reasonableness and the result achieved justified the award. Class Counsel's actual expenses in prosecuting this Lawsuit are hereby approved as reasonably incurred.

    d. It is hereby ordered that the Settlement Administrator shall pay the PAGA Payment of $20,000.00 as set forth in the Stipulation of Settlement. Of this amount, 75%, or $15,000.00 will be paid to the Labor and Workforce Development Agency and 25% or $5,000.00 will be distributed to Class Members pursuant to the terms of the Settlement.

    e. It is hereby ordered that the Settlement Administrator shall be paid Administration Costs of $55,000.00 for its services in administering the Settlement.

7. The Settlement Administrator shall be responsible for the timely filing of all federal, state and local tax returns and making the timely payment of any and all taxes and withholdings required with such returns. All payroll taxes are to be paid by the Settlement Administrator in accordance with the terms of the Settlement, and paid not later than the time specified by law or agency regulation.

8. The Court adjudges that upon the Effective Date, Plaintiff and the Class Members have fully, finally, and conclusively compromised, settled, and released any and all Released Claims as provided in the Settlement Agreement. With this final approval of the Settlement, it is hereby ordered

that all claims that are released as set forth in the Stipulation of Settlement are hereby barred.

9. Without affecting the finality of this Order for purposes of appeal, the Court reserves jurisdiction over the Parties as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Settlement and this Order and Judgment, and for any other necessary purposes.

**IT IS SO ORDERED.**

DATED: January 4, 2018



Honorable William H. Orrick